H. C. L. MEIER, Respondent, v. W. T. JACKSON, Appellant.

Kansas City Court of Appeals, February 6, 1899.

1. **Deceit:** PLEADING: EVIDENCE: EXISTING OR FUTURE FACTS. A petition based on false representations together with the evidence in support thereof is examined and it is held that the petition alleges misrepresentation as to existing, not future, facts, and states a cause of action, and the evidence is ample to send the case to the jury.

2. **Appellate and Trial Practice:** COMMON FAULT: INSTRUCTIONS. Where appellant submits the case on an instruction substantially similar to those of the respondent, he can not complain though they be erroneous, and in this case the instructions set out in the opinion are held to properly submit the issues to the jury.

*Appeal from the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

Meier v. Jackson.

B. R. RICHARDSON and BLEVINS & DANIELS for appellant.

(1) The court erred in overruling defendant's motion in arrest of judgment. The petition does not state a cause of action. The misrepresentations alleged are not sufficient upon which to predicate an action for fraud and deceit. They are not based upon past or existing facts. Bullock v. Wooldridge, 42 Mo. App. 356. (2) The court erred in refusing to give instruction number 9, in the nature of a demurrer to the evidence asked by defendant at the close of the whole case. The evidence does not sustain the allegations of the petition. The alleged misrepresentations related simply to the probabilities that might arise in the future. They were not representations as to existing or past facts, but were based upon what might happen in the future. 1 Bigelow on Fraud, 473, 477, 521; Bullock v. Wooldridge, 42 Mo. App. 357; Parker v. Marquis, 64 Mo. 38; Becraft v. Grist, 52 Mo. App. 586; Saunders v. McClintock, 46 Mo. App. 216; Ordway v. Ins. Co., 35 Mo. App. 434; Davidson v. Hobson, 59 Mo. App. 130. (3) In all of the instructions given on behalf of plaintiff the fact of defendant's knowledge of the falsity of the alleged misrepresentations is ignored. In order to entitle plaintiff to recover it must be shown that defendant knew the representations were false. Redpath v. Lawrence, 42 Mo. App. 101; Koontz v. Kaufman, 31 Mo. App. 397; Brooking v. Shinn, 25 Mo. App. 277.

JOHN D. BOHLING for respondent.

(1) The petition states a cause of action. "Actual or positive fraud can exist in deception practiced in order to induce one to part with property or to surrender some legal

Meier v. Jackson.

right, and which accomplishes the things designed. The deception must relate to facts then existing or which had previously existed, and which are material to the dealings between the parties on which the deception was employed." Cooley on Torts, 474. The petition in the case at bar comes within this rule. (2) The court did not err in refusing appellant's instruction number 9. The allegations in the petition are fully supported by the evidence. The appellate court will not review and examine the question whether there is evidence to sustain the action, unless the evidence is set forth *in haec verba* in the printed abstract. Carpenter v. McDavitt, 53 Mo. App. 393; Colburn v. Brunswick, etc. Co., 49 Mo. App. 415. (3) There was ample proof of the false representations. (4) The instructions given on behalf of the respondent and appellant present the case fairly to the jury. These instructions are further aided by the giving of appellant's first instruction. "A cause will not be reversed by reason of erroneous instructions, which could not have prejudiced the appellant." Breckinridge v. Ins. Co., 87 Mo. 62; Brink v. Railroad, 17 Mo. App. 177. The verdict is for the right party and should be upheld.

SMITH, P. J.—This is an action to recover damages based upon the fraudulent representations made by the defendant to plaintiff, in consequence of which the latter was induced to sell and transfer to the former a certain promissory note for half its value. There was a trial in the circuit court resulting in judgment for plaintiff and from which defendant has appealed.

The defendant assails the judgment on the ground that the false representations alleged in the petition are insufficient to support an action for fraud and deceit, in that the same are not based upon past or existing facts. It is alleged in the petition that one John Wassung was the owner of certain real property in the city of Versailles, in this state, which

was incumbered with a first mortgage to Julius Sombart for $3,500, and with a second mortgage to plaintiff for $600. It is further therein alleged that on the twentieth day of April, 1896, the defendant purchased said real property of the said Wassung for $5,000 and that the defendant, intending to cheat and defraud plaintiff, bound the said Wassung to keep said deal a secret, and at the request of the defendant the deed was not executed until some days thereafter.

It is also further therein alleged that on the twenty-first day of April, 1896, after defendant had purchased said property from said Wassung as aforesaid, the defendant and one Otto Kuhn, defendant's agent, designing and contriving to cheat and defraud the plaintiff out of $328.50, falsely and fraudulently represented to plaintiff that said Wassung was wholly insolvent; that he owed three years' interest on said Sombart debt aforesaid; that the taxes on said real estate were due and unpaid for three years; that the indebtedness against said property, to wit: the Sombart debt with interest, plaintiff's debt with interest, and back and unpaid taxes, amounted to over $5,000. All of the above allegations relate to existing facts. The next allegation in the petition is as follows:

"That if plaintiff would accept three hundred thirty-four dollars and ninety cents for his said debt against said property, that would reduce the claim against said property down to five thousand dollars, and that the defendant would then purchase said property at said price."

This part of the petition is also a false representation as to an existing fact. In the first part quoted it is alleged that defendant had purchased the property at the time the false representations were made. In the last part quoted, the false representations as to existing facts, are statements of defendant to the effect that he would buy the property, provided he could purchase plaintiff's note for $334.90,

when, as shown by the petition he had already purchased or agreed to purchase the property.

The petition then proceeds and charges the further false representations: "That if plaintiff would not accept that amount for his said debt, that then the defendant would not purchase the said property, and the same would be sold for back and unpaid taxes, and said Sombart would foreclose his deed of trust against said property, and the plaintiff would lose the whole of his said debt; that plaintiff, relying solely upon said false and fraudulent representations of the defendant, was thereby induced to accept and did accept three hundred and thirty-four dollars and ninety cents for his said note from the defendant."

The above allegation is a further false representation of existing facts, viz.: The representation of defendant to plaintiff that if he did not accept the amount offered for his debt, that then appellant would not purchase the property, but the same would be sold for taxes and the Sombart debt. Now, it appears on the face of the petition, that at the time of the above representation, the defendant had purchased the property. It is clearly alleged in the petition that the plaintiff, relying upon these false representations, was induced thereby to sell his $663.40 note for $334.90. It is therefore quite manifest that the defendant's ground of objection to the sufficiency of the allegations of the plaintiff's petition can not be sustained.

DECEIT: pleading: evidence: existing or future facts.

It is next contended that the evidence adduced was insufficient to justify a submission of the case to the jury for the reason that it failed to show that the representations were made as to past or existing facts. It appears that Kuhn, who acted as interpreter for defendant, told the plaintiff in the presence and hearing of the defendant that the incumbrances on the property were so great that, in all probability, he would not get anything on his note; that on two occasions

Meier v. Jackson.

Wassung had had to give notes with interest to Sombart and that such notes were due and unpaid; that there were several years' taxes due on the property; that there was a third mortgage on it for $200; that there were incumbrances and liens on it amounting to $5,000; that defendant wanted to purchase it for $5,000; and that if the plaintiff would take half what his note called for, the trade between Wassung and defendant would go through; otherwise, it would not and plaintiff would get nothing on his debt; that if the property should be sold under the mortgage plaintiff would get nothing; that the indebtedness for which the property was bound would leave little or nothing to Wassung; that these and other representations made by the defendant were sufficient to justify the inference by the plaintiff that Wassung was insolvent and that if plaintiff did not accept defendant's offer his debt would be lost.

It further appeared from the evidence that on the twentieth of April, 1896, the defendant · agreed with Wassung that he would give him $5,000 for his property; that he would assume the payment of the mortgages thereon and pay any difference between the $5,000 and the amount of the mortgages. On the day the agreement was entered into the defendant told Wassung "to keep quiet for several days, as he had something in view that would not hurt Wassung but would do the former lots of good." On the next day thereafter the defendant and Kuhn went to see plaintiff and made the representations which we have referred to, whereby the plaintiff was induced to and did part with his note for half of its face value. The third day thereafter the defendant demanded his deed in accordance with the agreement. It recites a consideration of $5,000, and that the defendant as a part of such consideration agreed to assume the payment of the notes of Sombart and plaintiff.

It appears that Wassung was entirely solvent and able to pay his debts dollar for dollar. It is unreasonable

to suppose that the plaintiff would have parted with his note at such a ruinous sacrifice had it not been for the representations made to him by the defendant respecting Wassung and his financial condition. Evidently the defendant, by such representations, excited the fears of the plaintiff as to what would be the outcome of his note if he continued to hold it. It is not pretended that such representations, if made, were true. They were unquestionably false, and related to existing facts. It is too clear for argument that the plaintiff was induced by the false representations of the defendant to part with his note at half its value, when it was worth every cent it called for. The defendant knew this. To afford him immunity from the consequences of his false representations and thus allow him to retain the fruit of his deliberately planned scheme to defraud the plaintiff would be a travesty on justice. The evidence was, in our opinion, ample to authorize the submission of the case by the court to the jury.

The defendant complains of the action of the court in giving the plaintiff's fifth instruction, which declared to the jury that if the plaintiff held a note against Wassung, secured by a deed of trust on the property described in the plaintiff's petition, and that the defendant contracted for the purchase of the said property with said Wassung for the price and sum of $5,000, and in said contract of purchase the defendant agreed to pay off or assume all incumbrances and liens against said property, including plaintiff's said note, and pay said Wassung the balance in cash, after satisfying said incumbrance and liens; and concealed this fact from the plaintiff; that after the defendant had so contracted for the purchase of said property with sand Wassung, falsely and fraudulently represented to the plaintiff that said Wassung was wholly insolvent and unable to pay his debts, including plaintiff's, and that said property was about to be

sold under a prior incumbrance and for taxes, and that the plaintiff would lose the whole of his said debt; that the plaintiff, solely relying upon said false and fraudulent representations of the defendant, was·induced thereby to assign his said note to the defendant, at a discount, then the jury will find for the plaintiff.

The defendant can not be heard to complain of error in this instruction, if any there be, for the reason that by his first instruction, which was given by the court, the jury were told that before they could find for the plaintiff they must find the representations alleged in the petition were made by defendant and that they were false and made with the intend to deceive and defraud plaintiff, and that plaintiff believed such representations to be true and was thereby induced to sell his note for $334.40, when said note was, in fact, worth more than that amount. It will be thus seen that both plaintiff and defendant requested the court to submit the case upon the same theory. These instructions fairly submitted the case in accordance with the issues made by the pleadings.

The other instructions given for plaintiff are subject to no serious objection. Those refused for defendant are either in substance the same as others given for him or assert incorrect theories of the case. It would serve no useful purpose for us to notice *seriatim* the several instructions that were requested by defendant and refused by the court. We have examined each of them and our conclusion is that they were all properly refused. The judgment was clearly for the right party and must be affirmed. All concur.