# Stouffer *v.* Smith-Davis Hardware Co.

*Assumpsit.*

(Decided Jan. 5, 1908. 45 South. 621.)

1. *Bills and Notes; Bona Fide Purchasers; Ultra Vires Acts of Corporation.*—Nothing appearing on the face of a draft to show for what purpose it was issued, a corporation having power to accept drafts for some purpose, if it accepts such a draft for goods in which it has no power to deal, cannot defend a suit on such draft in the hands of a bona fide holder for value before maturity, on the grounds that the transaction is ultra vires.

2. *Same.*—A corporation not authorized to issue commercial paper, such paper is void when issued by such corporation, even in the hands of a bona fide purchaser for value before maturity.

3. *Pleadings; Fraud; Conclusion.*—A plea of fraud as a defense which fails to set up the facts showing the fraud is faulty and subject to demurrer.

4. *Same; Verification; Motion to Strike.*—A plea denying ownership which is not verified is subject to motion to strike.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by J. C. Stouffer against the Smith-Davis Hardware Company on a note. From a judgment for defendant, plaintiff appeals. Reversed.

The complaint shows: That two drafts were drawn by the Lyon-Taylor Company upon the Smith-Davis Hardware Company on November 25, 1904, and that across the face of each draft or bill of exchange was indorsed the words: "Accepted. Smith-Davis Hardware Company, W. K. Smith, Jr., President." That the drafts were each for the sum of $37.50, payable to the order of the Lyon-Taylor Company, at Iowa City, Iowa, three and six months after date. That these several drafts, after acceptance and before maturity, were assigned, sold, and delivered to appellant for value. The appellee filed a plea setting up that the corporation had no authority under its charter to make such a contract, which is the basis of this suit, said contract being for the purchase price of a lot of jewelry bought by the defendant corporation; and defendant avers that said contract is ultra vires, because no such power is conferred by the charter of said corporation to purchase jewelry or to accept a paper or draft in payment thereof. The charter is made an exhibit to the plea. Defendant also interposed the following plea: That the whole transaction between the plaintiff and the Lyon-Taylor Company and the defendant corporation was a fraud upon the defendant, in this: The Lyon-Taylor Company entered into a bond with the defendant whereby the Lyon-Taylor Company warranted a lot of jewelry sold to the defendant, a copy of which bond is attached to the plea and made a part of the same; and it is averred that said warranty was that said jewelry would wear for the space of 5 years, and it was agreed in said bond to exchange any jewelry sold to defendant that did not come up to the warranty, and said Lyon-Taylor Company were to ex-

[Stouffer v. Smith-Davis Hardware Co.]

change said jewelry for the space of 12 months; and it is averred that before the 12 months were out, and before the warranty could be made good, the jewelry was returned to the said Lyon-Taylor Company, together with a check for a small amount of the goods which had been sold. It is then averred that said Lyon-Taylor Company accepted said goods, which were sent by express, after they had transferred the acceptance here sued on to the present plaintiff, Stouffer. It is further alleged in said plea that Stouffer pretends to be the bona fide holder of said acceptance without notice, and that he purchased the same before said acceptance was due; whereas, the said Stouffer is a party to the fraud, and connived and abetted, and is still abetting and aiding, the said Lyon-Taylor Company in perpetrating a fraud upon the defendant, and that said Stouffer is not the sole beneficial owner of said acceptance, but is simply the tool of the Lyon-Taylor Company in their effort to perpetrate a fraud upon the defendant. A number of demurrers not necessary to be set out were filed to the plea, which were overruled by the court. Plaintiff then moved to strike said pleas 1 and 2 from the file. The other facts sufficiently appear in the opinion of the court.

ESTES, JONES & WELCH, for appellant. All corporations have implied power to contract debts like individuals, whenever necessary or convenient for the furtherance of its business, and when it contracts a debt it may execute a negotiable paper, bill or note, etc., and the defense of ultra vires is not available.—1 Daniel on Negotiable Instru. (5th Ed.), secs. 381-2; 29 A. & E. Ency. of Law, 66. The court erred in sustaining defendant's demurrer to the plaintiff's second and third replication. —*Slaughter v. First Nat. Bank,* 109 Ala. 157. The court erred in overruling plaintiff's objection to the in-

troduction in evidence of the paper purporting to be a copy of the order for a lot of jewelry.—*Jacques v. Horton,* 76 Ala. 243.

W. K. SMITH, SR., for appellee. Under the articles of the incorporation the appellee had no authority to deal in jewelry of any kind, and the acceptances given by its president were without warrant of law and without the charter right.—*Steiner v. Steiner, L. & L. Co.,* 120 Ala. 128. When a contract is ultra vires, neither party can enforce it.—*Long v. G. P. Ry. Co.,* 91 Ala. 519; *Sherwood v. Alvis,* 83 Ala. 115; *Chewacla Lime Wks. v. Dismukes,* 87 la. 344; *Bigbce, et al. v. Moore,* 121 Ala. 379. When a contract made by a corporation is without the pale of its corporate authority, no right is conferred thereby, and the party promising is not estopped from invoking the defense of ultra vires.—4 Ala. 558; 31 Ala. 76; 35 Ala. 223; 36 Ala. 313; 65 Ala. 448; 79 Ala. 180; Id. 312; *Ex parte Dyke,* 83 Ala. 114. If no right was conferred on the Lyon-Taylor Co., then Stouffer received none by the transfer.—2 Mayf. Dig. 8447; 4 Mayf. Dig. 1040-41.

DOWDELL, J.—The instruments sued on and described in the complaint, being commercial paper, are governed by the law merchant. The plaintiff sues as transferee. The defendant is a private business corporation, chartered to engage in and carry on a hardware business. The defendant filed two pleas to the complaint. By the first plea the defense of ultra vires the particular contract out of which the instruments sued on arose is sought to be made. The instruments do not show on their face for what they were given. It is not denied that the defendant corporation has power under its charter to issue commercial paper, and having done so, nothing otherwise appearing, the presumption in favor of innocent

[Stouffer v. Smith-Davis Hardware Co.]

purchasers for value is that it had such power. Having the authority to issue commercial paper for any purpose, and it not appearing upon the face of the paper for what purpose it was issued, the defense of ultra vires the particular contract is not available as against an innocent purchaser for value before maturity of the commercial paper. The doctrine is thus stated in 29 Am. & Eng. Ency. of Law (2d Ed.) p. 66: "If the corporation is authorized to issue negotiable paper for any purpose, the defense of ultra vires will not be available to it in a suit by a bona fide indorsee, although the particular contract might have been really unauthorized; the reason being that the corporation, by giving the note, has virtually represented that it was given for some legitimate purpose, and the indorsee could not be presumed to know the contrary. This doctrine is applied to commercial paper made by a corporation for the accommodation of a third person when in the hands of a bona fide holder, who has taken it before maturity on the faith of its being business paper. But if the corporation is not authorized to issue negotiable paper under any circumstances, such paper is void, not only in the hands of the original payee, but in those of any subsequent holder as well; and this for the reason that all persons dealing with a corporation are bound to take notice of the extent of its charter powers." See note 1 on page 67, where the cases are collated in support of the doctrine. See, also, the case of our own court, *Florence Railroad & Improvement Co. v. Chase National Bank,* 106 Ala. 364, 17 South. 720, where the same principle is decided. The present case was tried in the court below without the intervention of a jury, and it is apparent from the rulings of the trial court on the pleadings and evidence, as pointed out here by the assignments of error, that the trial as had and the judgment rendered was not in accordance with the principles above stated.

20 R

[Pappot v. Howard.]

By the second plea the defense of fraud in the particular contract out of which the paper sued on arose was sought to be set up, and the further defense in this same plea denying the assignment of the paper to the plaintiff. As a plea of fraud it was faulty in averment of facts showing fraud, and therefore open to the demurrer interposed. The plea was not verified, and for that reason, as a plea denying plaintiff's ownership of the instrument sued on, was subject to the motion to strike.

What we have said sufficiently indicates the errors committed, and will be sufficient to guide the court on another trial. The judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.