(97 South. 624)

PATTON v. TIDWELL. (2 Div. 207.)

(Court of Appeals of Alabama. Nov. 9, 1920, and Feb. 24, 1921.)

1. FRAUD ⚫41—COMPLAINT MUST SET OUT FACTS.

To constitute a good complaint as to fraud or deceit, the facts showing the fraud or deceit should be set out.

2. PLEADING ⚫41—EACH AVERMENT MUST BE GOOD.

Each averment of a complaint must be good.

3. FRAUD ⚫12—REPRESENTATION THAT PARTY WOULD DELIVER MACHINES FOR DEMONSTRATION DID NOT RELATE TO EXISTING FACT.

A representation by a seller of an interest in a patent on a boll weevil machine that he would deliver one machine to a government agricultural agent in each county for a sample did not relate to a past or existing fact but to matters in the future.

4. TRIAL ⚫330(5)—VERDICT FOR PLAINTIFF ON DIFFERENT COUNTS CANNOT BE APPLIED TO GOOD COUNT.

A verdict finding "for the plaintiff on counts 1, 2, 3 and 4" cannot be applied to count 3, where the other counts are bad.

5. PLEADING ⚫366—EVIDENCE AS TO MATTER STRICKEN FROM PLEADING INADMISSIBLE.

In an action for deceit in the sale of an interest in a patent consisting of false representations, where an allegation that defendant guaranteed a big dividend would be paid on plaintiff's interest had been stricken, evidence that the patent adventure had not brought in any dividend was improper.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action by Zada Tidwell against Luther Patton for damages for deceit in the sale of a patent. The death of plaintiff was suggested, and the cause revived in the appellate court in the name of her administrator. Judgment for the plaintiff, and the defendant appeals. Affirmed in response to the mandate of the Supreme Court.

The following counts of the complaint are referred to:

(1) The plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, damages for deceit in the sale by the defendant to the plaintiff of a one-hundredth interest in and to a weevil machine patent, and defendant for the purpose of making such sale to plaintiff represented to plaintiff at the time of such sale that he would deliver at least one of the machines, for which letters patent had been issued to him, to the government agricultural demonstration agent in each county in Alabama in the early spring of 1918; that he had completed arrangements to place such machines on the general market for sale the early spring of 1918; and that defendant guaranteed that a big dividend would be paid on said one-hundredth interest the year 1918; whereupon the plaintiff on account of such representation made by defendant to deceive plaintiff and believing same to be true, but which was wholly untrue and known by the defendant at the time to be untrue, plaintiff purchased said one-hundredth interest the said sale of which defendant made to plaintiff by means of such untrue representations to the damage of the plaintiff as aforesaid.

(2) The plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, damages for deceit in the sale by the defendant to the plaintiff of a one-hundredth interest in and to a weevil machine patent, and defendant for the purpose of making such sale to plaintiff represented to plaintiff at the time of such sale that he had arranged to put such machines for which said letters patent had been issued on the general market for sale during the early spring of 1918, and would deliver at least one of the machines, for which said letters patent had been issued to him, to the government agricultural demonstration agent in each county in Alabama in the early spring of 1918; that the defendant would sell and deliver such machines during the spring of 1918; and that defendant guaranteed that a big dividend would be paid plaintiff on said one-hundredth interest the year 1918; whereupon the plaintiff on account of such representations and believing same to be true, but which were wholly untrue and known by the defendant at the time to be untrue, plaintiff purchased said one-hundredth interest the said sale of which defendant made to plaintiff by means of such untrue representations, and paid defendant therefor on, to wit, February 15, 1918, $300; and plaintiff avers

that upon the discovery of such misrepresentation and fraud perpetrated upon her by the defendant she offered to the defendant to rescind said sale and offered to transfer, assign, and deliver to defendant, and. now offers to transfer, assign, and deliver to defendant, the assignment of said one-hundredth interest in said patent or letters patent, and demanded of the defendant the return to her of the said amount of $300, which defendant declined and refused to do and which said amount as herein claimed is still due and unpaid.

(4) Plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, as damages for deceit in the sale of an undivided one-hundredth interest in and to two letters patent which defendant represented to be recorded in the Patent Office at Washington under No. 1256036 and No. 1241012, which letters represented to plaintiff by defendant were, or represented to be, a patent on a boll weevil machine which patent or letters patent represented himself to be the sole owner of, and defendant at the time of such sale, to induce plaintiff to purchase said one-hundredth interest, represented to plaintiff that he had completed arrangements for the delivery of, and would deliver, one boll weevil machine, made to conform to said letters patent or patent, to one government agricultural demonstration agent in each county in Alabama for samples during the early part of the spring of the year 1918, and that he had also completed arrangements to place such boll weevil machines on the general market for sale the early part of the spring of the year 1918, and that defendant would also be engaged in the sale and delivery of such boll weevil machines during the spring of the year of 1918, which defendant failed to do as agreed as aforesaid. And plaintiff avers that such representations were made by defendant to induce plaintiff to purchase said one-hundredth interest, and plaintiff, relying on such representations to be true, as she had a right to do, was thereby induced to purchase and did purchase said interest on, to wit, February 15, 1918, from defendant and paid defendant therefor $300, and plaintiff avers that said representations made as aforesaid by the defendant were untrue and false, which defendant well knew at the time.

Joseph E. Robinson, of Birmingham, for appellant.

Court erred in overruling demurrers to the count and in declining to strike certain portions thereof. Sections 2468, 4298, Code 1907; 3 Stew. & P. 322; 86 Ala. 116, 5 South. 253; 119 Ala. 424, 24 South. 421; 130 La. 39, 57 South. 577; 12 R. C. L. 301; 162 Ala. 476, 50 South. 229; , 180 Ala. 118, 60 South. 143; 192 Ala. 550, 68 South. 891, Ann. Cas. 1917E, 1052.

Jerome T. Fuller, of Centerville, for appellee.

The offer to restore and rescind was sufficient, and within due time. 23 Ala. 848, 34 Ala. 143; 51 La. Ann. 699, 25 South. 421. Counts 1, 2, and 4 were sufficient. 195 Ala. 186, 70 South. 142; 180 Ala. 118, 60 South. 143; 167 Ala. 534, 52 South. 737; 188 Ala. 122, 65 South. 1015; 16 Ala. 785, 50 Am. Dec. 203.

MERRITT, J. Zada Tidwell brought this suit in the circuit court of Bibb county against Luther Patton. Since the trial in the circuit court Zada Tidwell had died, and her death being suggested, the suit has been revived in the name of Phelan Tidwell, administrator, etc. The original complaint contained nine counts, the general affirmative charge being given for the defendant as to counts 5, 6, 7, 8, and 9. The trial court granted the defendant's motion to strike out certain portions of counts, 1, 2, and 4, after which the defendant interposed demurrers to all of said counts viz.: 1, 2, 3, and 4, which demurrers were overruled. The reporter will set out counts 1, 2, and 4, as they appear after the motion to strike prevailed.

There can be no doubt but that count 3 is for breach of contract, while counts 1, 2, and 4, were intended for deceit or misrepresentation. The misrepresentation or deceit alleged in counts 1 and 2 is that at the time of the sale by defendant to plaintiff of a certain interest in a weevil machine patent the defendant represented that "he had completed arrangements to place such machines on the general market for sale the early spring of 1918."

In addition to this averment of misrepresentation in count 4 was the averment that defendant stated:

"That he had completed arrangements for the delivery of and would deliver one boll weevil machine made to conform to said letters patent to one government agricultural demonstration agent in each county in Alabama for samples during the early part of the spring of the year 1918."

Aside from the grounds of demurrer questioning these counts in many other respects, we think there can be no doubt that in respect to the above averments they should have been sustained. That arrangements had been completed to place such machines on the general market for sale was a mere conclusion of the pleader, and in no way averred as to whether the arrangements completed were as to finances, manufacture, or in what particular respect arrangements had been completed.

[1] To constitute a good complaint as to fraud or deceit the facts showing the fraud or deceit should be set out. Stouffer v. Smith-Davis Hardware Co., 154 Ala. 301, 45 South. 621, 129 Am. St. Rep. 59.

[2, 3] Each averment of a complaint must be good, and the representation alleged in count 4, that the defendant, "would deliver one boll weevil machine made to conform to said letters patent to one government agricultural agent in each county in Alabama for samples during the early part of the

spring of the year 1918," related not to a past or existing fact, but to matters in future, and was subject to demurrer. 20 Cyc. 98; Meier v. Jackson, 78 Mo. App. 396.

[4] The demurrers were properly overruled to count 3, and if the jury had predicated its verdict on this count, the erroneous overruling of the demurrers to the bad counts would have been without injury, but the verdict of the jury was that "we find for the plaintiff on counts 1, 2, 3, and 4," which, of course, precludes an application to any particular one of said counts.

[5] Such wide latitude being permissible in the introduction of evidence in cases of this character, we would hardly feel warranted in reversing the case for what appears to be error in permitting the plaintiff to show, over the defendant's objection, that the patent adventure had not brought in any dividend, but, inasmuch as the case must go back for another trial, we feel that this testimony was improper, and may have prejudiced the defendant's case. The allegation had been stricken that the defendant guaranteed a big dividend would be paid to plaintiff on her interest in the patent, and no phase of the case, as presented to us, would appear to make this competent.

For the errors pointed out the cause must be reversed.

Reversed and remanded.

MERRITT, J. Under the decision of the Supreme Court in Ex parte Phelan Tidwell, Administrator, etc., 87 South. 626 (petition for certiorari, 2d Div. 736), the judgment of the trial court must be affirmed.

Affirmed.