(80 Misc. Rep. 165.)

## NATIONAL CASH REGISTER CO. v. McCANN.

(Supreme Court, Trial Term, Cattaraugus County. March, 1913.)

1. Sales (§ 23*)—Order for Goods—Exceptions—Sufficiency.

A card sent by a manufacturer to a party who had ordered a cash register, assuring him that the order would have its best attention, was not an acceptance, but merely a promise to consider it; and, the order having been withdrawn before there was any other or further acceptance, there was no sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 44–48; Dec. Dig. § 23.*]

2. Sales (§ 81*)—Delay in Delivery—"As Soon as Possible."

An order for a cash register, to be shipped as soon as possible, was not complied with by the seller by building and shipping it in ten weeks, the same as other orders in the ordinary course of business, since a contract to do a thing "as soon as possible" requires a much more speedy fulfillment than a contract to do a thing within a reasonable time.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 217–223; Dec. Dig. § 81.*

For other definitions, see Words and Phrases, vol. 1, pp. 528, 529.]

---

Action by the National Cash Register Company against Henry F. McCann to recover the purchase price of a cash register. On a trial by the court without a jury. Complaint dismissed.

John J. Inman, of Salamanca, for plaintiff.
George W. Cole, of Salamanca, for defendant.

BROWN, J. On June 23, 1911, defendant signed and delivered to a representative of the plaintiff a paper reading:

"The National Cash Register Company, Dayton, Ohio: Please ship as soon as possible to the undersigned one of your No. 542 registers. In consideration of the above the undersigned agrees to pay you three hundred eighty dollars on the following terms: $380.00 cash on arrival of register, less 5%. It is expressly agreed that this order shall not be countermanded, that it covers all agreements between the parties hereto relative to this transaction, and that you shall not be bound by any representation or promise made by any agent relative to this transaction which is not embodied herein.
                                   "[Signed]  Henry F. McCann."

On June 30, 1911, plaintiff sent the defendant a card reading:

"This is to acknowledge receipt of your order dated 6—23—1911 for one of our No. 542 cash registers. We thank you for your order and assure you that it will have our best attention.     The National Cash Register Co."

On July 7, 1911, the defendant wrote to the plaintiff a letter reading:

"Gentlemen: Referring to my order of June 23 given your Mr. Blacklock for one #542 cash register to be shipped me at once, inasmuch as this register has not been shipped as yet, you may cancel my order for same.
     "Yours very truly,                        Henry F. McCann."

On July 13, 1911, the plaintiff acknowledged receipt of defendant's letter of July 7, 1911, canceling the order, and stated that the order had been accepted, construction of the register was being rushed for an early shipment, and as the contract provided that the order could not be countermanded the register would be completed and shipped. On September 14, 1911, the plaintiff shipped to the defendant by freight the cash register, which reached defendant September 20, 1911. The defendant declining to accept or to pay for the same, plaintiff brought this action to recover the sum of $380.

Two very serious questions are presented as to the right of the plaintiff to recover: First. Was there a contract between the parties? Second. If so, has the plaintiff complied therewith?

[1] There was a contract, provided the plaintiff accepted defendant's offer prior to July 7, 1911, when defendant canceled the order. The only claimed acceptance by the plaintiff of the defendant's offer of June 23, 1911, prior to July 7, 1911, was the writing of the card June 30, 1911, wherein plaintiff acknowledged receipt of the order and "assure you it will have our best attention." Was that an acceptance? Was it an agreement on the part of the plaintiff that it would comply with the terms of the order? Did it thereby agree to ship to defendant the cash register as soon as possible? What does it mean when plaintiff says:

"We thank you for the order and assure you it will have our best attention?"

In what way is the plaintiff to give its attention to the order? Does it mean that plaintiff will investigate defendant's financial responsibility, and ascertain whether a cash register could safely be shipped him, before shipping it "as soon as possible"? Does it mean that the plaintiff may or may not ship the register, as the exigencies of the transaction demand? Does it mean that the plaintiff may or may not ship the register, as the interests of the plaintiff may demand? Does it mean that the order will receive plaintiff's best attention, so that the question of shipping the register may be determined? Did the plaintiff, by giving the defendant its assurance that his order "will have our best attention," thereby become obligated to ship the register? Did it agree to ship the register as soon as possible? Suppose plaintiff had refused to ship the register according to the terms of the order; upon what covenant of the plaintiff to make such shipment could defendant rely to recover his damages for nonshipment? It is elementary that an acceptance of a unilateral, one-sided option, offer, or proposition, made without any present consideration, to ripen it into a contract must be certain, sure, complete, unequivocal. A promise on the part of the plaintiff that defendant's offer "will have our best attention" seems to mean nothing more than that the plaintiff will think about the offer—will consider it. It certainly does not mean that the plaintiff has thought about it, has considered it, and agrees to accept, abide by, and comply with the terms of the offer. It is quite plain that there was no contract between the parties. Van Keuren v. Boomer & Boschert Press Co., 143 App. Div. 785, 128 N. Y. Supp. 306.

[2] Upon the assumption that there was a contract, the plaintiff cannot recover, except on proof that it did in fact ship the register as soon as possible. The proofs of the plaintiff simply establish that upon receipt of the order it was handled the same as other orders in the regular manner; that plaintiff began the manufacture of the register, consuming about ten weeks' time, which was required in the ordinary course of plaintiff's business to build and ship the same; that plaintiff simply built and shipped the register within the time it could be done, following the ordinary course of its business. But such was not the contract tendered by the defendant. Defendant's proposition was to pay for a register that would be shipped as soon as possible, which is a very different thing than the alleged performance tendered by the plaintiff. A contract to do a thing as soon as possible requires a much more speedy fulfillment than a contract to do a thing within a reasonable time. Addison on Contracts, vol. 2, page 1188.

In Sentenne v. Kelley, 59 Hun, 512, 13 N. Y. Supp. 529, the plaintiff agreed to deliver certain signs as soon as possible. The trial judge instructed the jury that "as soon as possible" was synonymous with "a reasonable time." The General Term said the trial judge—

"qualifies the latter expression in such a way to bring it within the rule, so that the jury were correctly instructed with regard to plaintiff's duty in reference to delivering the signs with all possible expedition."

Judge Van Brunt said:

"Within a reasonable time seems to mean within such time as can be done following the ordinary course of business; as soon as possible seems to mean, as soon as can be done, using the greatest diligence."

Defendant's proposition was that, if the plaintiff would ship the register as soon as possible, the defendant would pay for it, not if the plaintiff would manufacture and ship as soon as possible. The proof that plaintiff, in the ordinary course of its business from June 30, 1911, to September 14, 1911, manufactured and shipped the register to defendant, is not proof that the plaintiff shipped as soon as possible after June 30, 1911, the register to defendant.

While there is authority for the admission in evidence of the conversation of the defendant and the representative of the plaintiff, to show the circumstances under which the defendant's offer was made and what was meant by the term "as soon as possible" (Cocker v. Franklin Hemp, etc., 3 Sumn. 530, Fed. Cas. No. 2,932; Coates v. Sangston, 5 Md. 121), the views herein expressed render the consideration of such evidence unnecessary, and the same has not been considered.

Judgment is awarded the defendant, dismissing plaintiff's complaint, with costs. Let findings be prepared.