BEAUTY WAISTS, INC., v. REHUL B. TRAPHAGEN, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Contracts — action to recover for breach of — ratification — damages — evidence — sales.

Where, upon the trial of an action to recover damages for breach of an alleged contract to sell and deliver certain goods, it appears that it was the first transaction between plaintiff and S, a salesman of defendant to whom the order for the goods was given, and there is no evidence of authority on the part of

S. to make such a contract or to bind defendant, and the only evidence of ratification was the delivery of a part of the goods, after plaintiff had been told that its order could not be accepted, but that defendant would give all of the goods they were able to from time to time, a judgment in favor of plaintiff entered upon a verdict will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a verdict of a jury and from order denying motion for new trial.

Leo Schafran (Jesse S. Raphael, of counsel), for appellant.

Nathan April, for respondent.

ORDWAY, · J. The plaintiff brings this action to recover damages for the breach of an alleged contract by the defendant to sell and deliver silk. The jury found a verdict for the plaintiff.

The evidence shows that one Sheridan, a salesman of the defendant, called several times on the plaintiff and endeavored to sell it some silk, and that finally on September 7, 1915, the plaintiff signed and delivered to Sheridan the following order:

" PULLMAN SILK Co.                    *Sept.* 7, 1915.
        " 331 Fourth Ave.,
                    " City:

" GENTLEMEN.— We herewith place the following order of 100 pieces #36285 — 40/105 — at 67½ to be delivered as follows: deliveries to start Oct. 15 — at the rate of 10 pieces a week 35 Ivory, 20 Flesh, 10 Maise, and the balance for assortment, to be given later.

                    " BEAUTY WAISTS, INC."

30

Appellate Term, First Department, June, 1917.    [Vol. 100.

The plaintiff claims that this was not an order, but a memorandum embodying the terms of a contract made between it and the defendant. No evidence was offered tending to show any authority on the part of Sheridan to make such a contract binding upon the defendant, and there was never any written or other formal acceptance of the same by the defendant. Thereafter the defendant delivered to the plaintiff nine pieces of silk on October tenth, three pieces of silk on October twenty-fifth, one piece of silk on October twenty-ninth, and ten and one-half pieces of silk on November 10, 1915, all of which were paid for by the plaintiff. It is conceded that up to the time that the order was handed to Sheridan no definite amount of silk and no definite terms in regard to deliveries had been determined upon. Sheridan testifies that he took this order to the defendant, but the defendant told him that he could not accept it since he could not be sure of obtaining the silk in the quantities called for in the order, but that he would be willing to make such deliveries as he would be able; that three or four days after the giving of the order he, Sheridan, returned to the plaintiff's place of business and told them what the defendant had said, and that if they were not satisfied with that the defendant would have to call the order off; that the plaintiff then said "all right, go back and do the best you can on it." The conversation is not denied by the plaintiff. The defendant also testifies that at a later date the plaintiff called upon him, and that he made the same statement, and that the plaintiff said: "Go ahead and do the best you can." This is not denied by the plaintiff.

The trial judge refused to dismiss the complaint, and took the position that the paper of September seventh might be deemed to be an acceptance of an

offer theretofore made by the defendant, and that a complete contract might be found to have been made at that time binding upon the defendant, and permitted the jury to so find. On this appeal the respondent urges this same argument, and also claims that even if no contract binding upon the defendant was made on September seventh, for lack of authority on the part of Sheridan, the contract which Sheridan attempted to make was ratified by the subsequent action of the defendant in delivering part of the goods called for.

The plaintiff must recover, if at all, either on the theory that a contract binding upon the defendant was made on September seventh because Sheridan had authority to act for the defendant in making such a contract, or on the theory that an agreement was made with Sheridan on that day which was subsequently ratified by the defendant. There is, however, no evidence of authority on the part of Sheridan to make such a contract or to bind the defendant. This was the first transaction between the plaintiff and Sheridan, and there was no written or formal acceptance by the defendant. *Van Keuren* v. *Boomer & Boschert Press Co.*, 143 App. Div. 785; *National Cash Register Co.* v. *McCann,* 80 Misc. Rep. 165; affd., 160 App. Div. 912. The only evidence of ratification is the delivery of some of the silk as above stated, the last of which deliveries, that on November tenth, was made after written demand by the plaintiff for the goods, which demand, however, is not in evidence. But it will be noticed that the deliveries were not made in accordance with the terms of the paper of September seventh, either as to time or amounts, and they cannot, therefore, be regarded as evidence of ratification. So far as they have any weight, they seem to bear out defendant's claim testified to by both the defendant and

Sheridan, and not denied by the plaintiff, that they told the plaintiff that its offer could not be accepted but that they would give all the silk they were able to from time to time.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN and BIJUR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.