LOUIS M. STAUSEBACH, Appellant, *v.* AUDUBON PAPER STOCK CO., INC., Respondent.*

(Supreme Court, Appellate Term, First Department, July, 1919.)

Statute of Frauds — when no defense in an action for damages for refusal to deliver goods — evidence — parties — new trial.

> Where the conduct of the parties, after defendant had written a letter to plaintiff acknowledging his oral order for goods, gives unmistakable evidence that the intent of defendant in writing the letter had been to accept the order and undertake an obligation to deliver, the Statute of Frauds is no defense to an action for damages for refusal to deliver the goods and a judgment in favor of defendant will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court, Manhattan, fourth district, in favor of defendant, after a trial by a judge without a jury.

Isidor Enselman, for appellant.

Smith & Bowman (Harold H. Bowman, of counsel), for respondent.

BIJUR, J.  Plaintiff sues to recover damages arising from defendant's failure to deliver 100 tons of paper.

The goods were ordered orally by the plaintiff at defendant's office and the defendant then stated that it would confirm the order in writing the next day.  On the same day defendant wrote to plaintiff the following letter:

---

* Received too late for insertion in proper place.—[REPR.

" We acknowledge your valued order given us today for 100 2 Overissues in Bundles at 65 cts. per cwt. to be shipped to the Thames River Specialties Co., Montville, Conn. via N. Y., N. H. & H. R. R. f. o. b. cars N. Y."

After waiting for some time for the goods plaintiff called upon the defendant, who then stated that it would deliver them the following week, and in a final conversation refused to deliver them.

Defendant interposed as a defense the Statute of Frauds, and the sole question of law presented is whether the letter of defendant above quoted satisfies the statute, or to put it more precisely, the only question is whether the letter is to be interpreted as an acceptance of the plaintiff's offer. Respondent urges that the defendant's letter is to be interpreted as a mere acknowledgment *of the receipt* of the order, and cites as authority *Van Keuren* v. *Boomer & Boschert Press Co.*, 143 App. Div. 785, in which the acknowledgment read: " Your order  *  *  *  received  *  *  *  and will have our best attention." Also *National Cash Register Co.* v. *McCann*, 80 Misc. Rep. 165; affd., without opinion, 160 App. Div. 912, in which the acknowledgment read: " We thank you for your order and assure you that it will have our best attention."

In both of these cases it was held that the acknowledgment was to be construed merely as a promise to give the question whether the order would be accepted or not adequate attention and consideration. The *Van Keuren* case cites *Manier & Co.* v. *Appling*, 112 Ala. 663. We are not called upon to determine what our own view of this interpretation of language used by commercial men in the ordinary course of business might be were it presented as an original

proposition, because there are features in the communication of defendant in the instant case which distinguish it in an important particular. It did not stop with a mere acknowledgment of the order for " one hundred tons of No. 2 Overissues in Bundles at 65 cts. per cwt." It might be argued with considerable force that the repetition of the words " to be shipped to the Thames River Specialities Co.   *  *  *   via N. Y., N. H. & H. R. R. Co." not only indicates a promissory intent upon the part of the writer but confirms that inference by a reference to detail which would be quite unnecessary to, in fact contradictory of, the mere purpose to inform the plaintiff that his order had been received.

But there is an additional element in this case which to my mind is conclusive in plaintiff's favor. At best, as I view it, respondent can claim only that the defendant's communication is ambiguous as to the intent with which it was written, and the subsequent conduct of the parties gives unmistakable evidence that the intent of the defendant had been to accept the order and undertake an obligation to deliver.

Like factors to aid the interpretation of a similar acknowledgement were recognized as cognizable in *Courtney Shoe Co.* v. *E. W. Curd & Son,* 142 Ky. 219, which followed the *Manier* case and distinguished *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, and *Bauman* v. *McManus,* 75 Kans. 106, as cases in which the subsequent conduct of the parties warranted the interpretation that the communication was an acceptance.

Mullan, J., concurring upon first ground stated in opinion of Mr. Justice Bijur.

Judgment reversed and new trial ordered with thirty dollars costs to appellant to abide event.