## 23282.   CHARLES C. DAVIS & COMPANY v. MOULTRIE
## COTTON MILLS.

STEPHENS, J.   1. A letter acknowledging the receipt of an order for the purchase of merchandise which contains the statement that "this will have our best attention" does not amount to an acceptance of the offer contained in the order, and there is not thereby created a contract of sale.   Manier v. Appling, 112 Ala. 663 (20 So. 978); Courtney Shoe Co. v. Curd, 142 Ky. 219 (134 S. W. 146, 38 L. R. A. (N. S.) 903); Van Keuren v. Boomer, 143 App. Div. 785 (128 N. Y. S. 306); National Cash Register Co. v. McCann, 80 Misc. 165 (140 N. Y. S. 916).   There is nothing to the contrary in *Pitcher* v. *Lowe*, 95 *Ga.* 423 (22 S. E. 678). While from subsequent conduct between the parties, such communication might, when acted upon as an acceptance by the person to whom it is made, with the knowledge of the person making it, amount to an acceptance of the offer contained in the order and therefore to a contract between the parties, as was held in Bauman v. McManus, 75 Kan. 106 (89 Pac. 15, 10 L. R. A. (N. S.) 1138), yet where the person making the communication which states that the order will have his best attention communicates with the other person, after the latter has, in reply to the first communication, assumed that the order had been accepted, and in the communication states that the order is declined, although in this communication declining the order there may be an admission that the order had been accepted, the person sending in the order and making the offer has not, with the knowledge of the person receiving the order, acted upon the first communication as an acceptance of the order, and it therefore does not appear from the conduct of the parties that the order containing the offer has been accepted.

2. Where two orders for goods of the same character but in different quantities are sent to a manufacturer, and the larger order calls for April delivery and the smaller order calls for May delivery, a letter acknowledges receipt of the orders, and, with reference to the large order, states that "this will have our best attention," and with reference to the smaller order, accepts it with a counter offer that the goods be billed for delivery in April, and which contains a statement that "we can accept no further business on these goods except for March delivery," the latter statement, if it refers to the orders already sent in, is not an acceptance of either of these orders, since it contains a variation from the dates of delivery.   It does not amount to an acceptance of the large order.   A letter in reply which accepts the counter offer for April delivery for the small order, but which contains no acceptance of any counter offer as to March delivery for the large order, if the letter from the manufacturer could be construed as containing any such offer, creates no contract as respects the large order.

3. Where there is a contract for the manufacture and sale of goods, irrespective of whether the terms of payment are cash or otherwise, and the purchaser, before the goods are delivered, notifies the seller that he will not pay the full amount of the contract price and insists upon a deduction therefrom in an amount alleged to be due him by the seller in another transaction, but where this latter claim is unfounded, the

act of the purchaser amounts to a tender of a breach of the contract which the seller may accept by notifying the purchaser that the seller will not deliver the goods. Where a purchaser of goods, before they are delivered, transmits to the seller that which is denominated a "debit memorandum," being a claim, in the amount stated, against the seller arising out of an alleged breach by the seller of another contract between the parties and for the amount of which the purchaser is to be given credit on the purchase price, but where this claim is unfounded and is not due by the seller to the purchaser, this amounts to a refusal by the purchaser to pay to the seller the full contract price of the goods contracted for, and is a tender by the purchaser of a breach of the contract. Its acceptance by the seller in notifying the purchaser of the seller's refusal to go on with the contract of sale is not a breach of the contract by the seller.

4. Where the plaintiff in the petition alleged that the defendant had, as seller, breached three contracts for the manufacture and sale of goods for the plaintiff as purchaser, by refusing to deliver them as contracted for, and it appeared that as to one of the alleged contracts there had been no meeting of minds between the parties and therefore no contract existed, and that as to the other contracts, the defendant refused to deliver the goods contracted for, after the plaintiff had notified the defendant by sending the defendant a debit memorandum in a designated amount representing the plaintiff's damage for the alleged breach of the alleged contract which did not exist, which amounted to a refusal of the plaintiff to pay the full contract price of the goods which the defendant had contracted to furnish to the plaintiff, the petition failed to set out any breach of contract by the defendant. The petition failed to set out a cause of action and the general demurrer thereto was properly sustained. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 21, 1934. REHEARING DENIED MARCH 3, 1934.

*Hoyt H. Whelchel,* for plaintiff. *J. O. Gibson,* for defendant.