41765. MARTIN v. GREGORY INDUSTRIES, INC.

FRANKUM, Judge. 1. Where, upon the trial of a suit on open account, one of the issues presented by the evidence for the jury's consideration was whether there had been an acceptance by the plaintiff of the defendant's offer to purchase 3,800 galvanized threaded studs of a described size prior to the withdrawal of the offer by the defendant, a telegram admitted to have been received by the defendant and shown to have been sent by an agent of the plaintiff corporation after written notice of cancellation had been sent by defendant, which telegram advised that "parts already galvanized full charges apply on cancellation can ship complete 7-9-62 pls advise," was admissible over the objection, in substance, that it had no probative value and was prejudicial to the rights of the defendant. Since defendant admitted receipt

of the telegram, it was immaterial that the person who prepared it was not in court to identify it.

2. The defendant, in his answer, as amended, pleaded as a defense to the plaintiff's action only that the "Nelson Stud-welding System," though represented by the plaintiff to have been approved by the Navy for use on the job which the defendant was doing, had not in fact been approved by the Navy, and that he was, therefore, not liable to the plaintiff on the various items of the account sued on. The plaintiff moved for a summary judgment and introduced in support thereof the defendant's deposition which affirmatively showed that this defense was not meritorious, and the court thereupon granted to the plaintiff a summary judgment "on all issues except the amount due plaintiff." Thereafter, on the trial of the case, though there had been no further amendment of the defensive pleadings, the main issue made by the evidence was whether there had been a valid contract for the purchase and sale of 3,800 galvanized threaded studs, one of the items sued for. There having been no issue made respecting the theory upon which the case was tried, it was, under all the facts of the case, a jury question as to whether the following letter from the plaintiff corporation to the defendant amounted to an unconditional acceptance of the defendant's telephoned order: "This confirms your instructions to us of June 22nd. to enter and add to your order C-43913 for 3800 3/4 x 4 type CPF galvanized threaded studs. We have expedited this order with the factory, however due to the galvanizing, the earliest they can promise shipment is July 13th. We are asking them to trace this shipment to insure prompt delivery. Two copies of the order are attached—Please sign the original and return to this office keeping the other for your files." The only argument advanced in the brief of counsel for the appellant relating to the specific errors enumerated concerns the sufficiency of the evidence to authorize the jury finding against the defendant with respect to the purchase of the studs referred to in the above quoted letter. The evidence being in conflict, we cannot say that it did not, with all the reasonable inferences and deductions to be drawn therefrom, authorize the jury finding that the letter did constitute an unconditional acceptance of the defendant's offer to buy. See *Pitcher & Manda v. Lowe*, 95 Ga. 423 (22 SE 678). Nothing

in *Charles C. Davis & Co. v. Moultrie Cotton Mills,* 48 Ga. App. 577 (173 SE 448), nor in *Armor Insulating Co. v. National Gypsum Co.,* 71 Ga. App. 672 (2) (31 SE2d 880), requires a ruling contrary to that which we here make. The trial court having granted a summary judgment for the plaintiff on the issue of liability, as presented by the defenses which had at that time been raised by the defendant, and there being no issue raised by the evidence respecting any of the other items of the account sued for, the evidence was sufficient to authorize the verdict for the plaintiff for the amount found by the jury to be due.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

SUBMITTED JANUARY 4, 1966—DECIDED APRIL 20, 1966.

*Smith & Undercofler, William E. Smith, Henry L. Crisp,* for appellant.

*W. L. Dwyer, H. B. Williams,* for appellee.