### GENIN v. SCHWENK.

*(Supreme Court, General Term, First Department.* November 30, 1891.)

DECEIT—PROCURING LOAN OF MONEY—SUFFICIENCY OF COMPLAINT.

In an action to recover damages against defendant for procuring a loan from plaintiff by means of false representations, it appeared that the loan in question was made on a promissory note executed by a third person payable to the order of defendant, and by defendant indorsed and delivered to plaintiff. *Held* unnecessary, to sustain a recovery, that the complaint should set forth a cause of action sufficient to bind defendant as indorser.

Appeal from special term, New York county. Affirmed.

Action by William L. Genin against Samuel K. Schwenk. From an order denying a motion to vacate his arrest, defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Samuel Keeler,* for appellant. *Culver & Anthony,* for respondent.

BARRETT, J. The motion was made upon the papers upon which the order of arrest was granted, and proceeds mainly upon the theory that the complaint fails to state facts sufficient to constitute a cause of action. The action is for damages alleged to have been sustained by reason of certain false representations made by the defendant, in reliance upon which the plaintiff loaned and advanced to him the sum of $1,500. The representations are clearly set forth, also their falsity, and the damages. We may add that the averments of the complaint are fully supported by the affidavits, and that a plain case for an order of arrest has been made out, unless the defendant's point with regard to the complaint is well taken. That point seems to be that as the defendant, when he obtained the loan, delivered to the plaintiff a promissory note for $1,500, made by one Moyer, and indorsed by him, (the defendant,) the complaint should have set forth a cause of action sufficient to bind the de-

fendant as indorser. In our judgment, this point is untenable. The action is not against the defendant as indorser of the note, but as a fraudulent borrower of money. The complaint does not even aver a purchase of the note. It sets forth that the plaintiff agreed to and did loan and advance to the defendant the sum of $1,500, and "therefor received" from the defendant a promissory note made by Moyer to the order of the defendant, and duly indorsed to the plaintiff. This, in effect, alleges a loan of $1,500, with the note as security therefor. But, even if it were treated as a purchase, the plaintiff could either rescind the contract, or do as he has done here,—sue for damages by reason of the fraud. *Bowen* v. *Mandeville*, 95 N. Y. 287. He was not bound to sue upon the note, nor in his action for damages to make allegations which would have been requisite had he sued upon it. The action for damages is sufficiently supported by apt averments that the money was obtained by false and fraudulent representations upon which the plaintiff relied, whereby he sustained specified damages. He has sustained those damages, whether the defendant is liable upon the note or not; for such damages have resulted directly from the obtaining of the sum loaned, and the non-payment of the note is but an additional incident emphasizing his loss. The defendant's error is in supposing that the plaintiff should have alleged in his complaint the value of the note, or that it was worthless. That is matter of evidence, not of pleading; and the worthlessness of the note, and the insolvency of both Moyer and the defendant, are abundantly established by the affidavits. The plaintiff has thus shown that his damages are the sum fraudulently obtained from him, namely, $1,500. The order should therefore be affirmed, with costs.

All concur.