# Manier & Co. v. Appling.

## Action of Assumpsit.

1. *Action on a contract; sufficiency of complaint.*—In an action of assumpsit for the breach of a contract, a count of the complaint which alleges an agreement made by the defendants to sell and deliver, or by which the defendants promised to sell to plaintiff a lot of merchandise (describing it), "for which the plaintiff promised to pay, which said lot or merchandise defendants failed to sell and deliver," is insufficient and demurrable; the count should have stated what the plaintiff promised to pay, and the time and mode of payment.

2. *Same; irrelevant evidence.*—In an action for the breach of a contract to sell and deliver certain goods, which were purchased by the plaintiff from the defendants through the latter's travelling salesman, correspondence between the salesman and the defendants, subsequent to the transaction the salesman had with the plaintiff, is irrelevant and inadmissible.

3. *Contract of sale; when acceptance not shown.*—Where in a negotiation for the purchase of merchandise, the would-be purchaser submitted to the sellers through their agent, a proposal for a purchase at specified prices and on specified terms, and in response, the sellers acknowledged the receipt of the order or proposal, and stated "the same should have prompt attention," such response does not constitute an acceptance of the proposal, so as to convert the proposal and acceptance into a contract of sale; and the would-be purchaser can not maintain an action against the seller for his failure to sell and deliver the goods sought to be purchased under such a transaction.

[Manier & Co. v. Appling.]

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This action was commenced on August 19, 1895, and was brought by the appellee, I. W. Appling, against the appellants, Manier & Co., to recover damages for the breach of an agreement alleged to have been entered into by the plaintiff and the defendants. The complaint contained two counts, the allegations of which as to the agreement sued upon, are sufficiently stated in the opinion. Each of these counts of the complaint were demurred to upon the ground, among others, that they did not sufficiently set forth the plaintiff's cause of action, or inform the defendants what plaintiff relied upon as constituting the agreement or the breach thereof. These demurrers were overruled, and the defendants duly excepted.

Trial was had upon issue joined upon the plea of the general issue. There was no conflict in the evidence, and it was shown that on May 6, 1895, the plaintiff, who was a merchant in Walker county, Alabama, gave to one W. H. Daniels, who was the travelling salesman or drummer for the defendants, an order for 865 pairs of shoes, to be shipped on June 15, 1895, and that thereupon Daniels took down said order in writing, and furnished plaintiff a duplicate thereof, which the plaintiff introduced in evidence. This order, as introduced in evidence, was an order for the defendants to ship to the plaintiff, at his place of business in Walker county, the shoes, setting out the kinds, sizes, numbers wished, and also the terms upon which the sale was made. It was further shown that on the day of making the order Daniels mailed the original to the defendants; that a few days thereafter the plaintiff received from the defendants a postal card acknowledging the receipt of said order, and stating that "the same shall have prompt attention." The plaintiff never received the goods, and wrote to the defendants asking why the shoes had not been shipped. He received a reply in which the defendants declined to ship said goods; whereupon he wrote a second time insisting that the goods be shipped to him, but again received a reply from the defendants declining the order.

It was shown that Daniels was the duly appointed and authorized travelling salesman of the defendants.

[Manier & Co. v. Appling.]

Upon the examination of Daniels as a witness, the defendants asked him whether or not he had corresponded with them in reference to their failing to fill the order of the plaintiff; and upon his answering in the affirmative, they offered to introduce in evidence a letter from Daniels, in which he asked them to fill the order, and also a letter directed to Daniels from the defendants, in which they declined to do so. The plaintiff objected to the introduction in evidence of the letters. The court sustained the objection, and defendants excepted.

It was shown that the defendants were wholesale merchants in Nashville, Tennessee, and that it was the custom of wholesale merchants in Nashville, and it was known to their customers, that all orders were taken subject to their approval.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave the general affirmative charge in his behalf. To the giving of this charge the defendants duly excepted, and also excepted to the court's refusal to give the general affirmative charge asked by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

APPLING, McGUIRE & APPLING, for appellants.—The complaint was not sufficient, and the demurrer thereto and to each count thereof should have been sustained. It is too vague, indefinite and uncertain in its terms, to fairly inform the defendants of the case the plaintiff expected to make out against them at the trial.—1 Chitty's Plead. (16th Amer. ed.), 270; *Hart v. Bludworth*, 49 Ala. 218; *Jones v. Powell*, 15 Ala. 824; 2 Brick. Dig., 340 *et seq.*; 2 Brick. Dig., 702 *et seq.*; 2 Encyc. Plead. & Prac., 988 *et seq.* and notes.

There was no acceptance by the defendants of the plaintiff's proposal for the sale of the goods.—1 Benj. on Sales, 34, § 51. The travelling salesman of the defendants was not authorized to make an absolute sale. It was the custom of the merchants in Nashville, where the defendants did business, to make sales through their drummers subject to their approval; and in dealing with the defendants' agent, the plaintiff was presumed to

[Manier & Co. v. Appling.]

have been familiar with and acted upon such custom.—
*Cawthon v. Lusk*, 97 Ala. 675; *Calhoun v. Thompson*,
56 Ala. 171; *McKindly v. Dunham*, 42 Amer. Rep. 440.

The correspondence between Daniels, the agent of the
defendants, and the defendants should have been re-
ceived in evidence.—*Buist v. Guice*, 96 Ala. 255.

COLEMAN & BANKHEAD, *contra.*—1. The grounds of
the demurrers to the complaint were properly overruled.
The letter from Daniel to Manier & Co., as well as the
letter from Manier & Co. to Daniel, were properly ex-
cluded from the jury. They were not shown to have
been communicated to the defendant Appling.—*Caw-
thorn v. Lusk*, 97 Ala. 674; *Espalla v. Richard*, 94 Ala.
159; *Brassell v. Williams*, 51 Ala. 349; *Trammell v.
Chambers County*, 93 Ala. 388; *Robinson v. Bullock*, 58 Ala.
618; *Boykin v. Bank*, 72 Ala. 262.

2. The court did not err in refusing the general
charge asked by Manier & Co., nor in giving the gen-
eral charge asked by Appling. The contract in this
case consisted in an order by Appling to Manier & Co.,
which was in writing, and a postal card in reply to that
order. These two writings constituted the contract,
making the whole of it in writing. It is always the
duty of the court to construe written instruments.
*Boykin v. Bank*, 72 Ala. 262. What acts or words con-
stitute the acceptance of a proposal, where such acts or
words are unequivocal, is a question of law for the
court.—*Lancaster v. Elliott*, 28 Mo. App. 86. If words
are of double meaning, they must be taken more strongly
against the promisor.—*Nelson v. Manning*, 53 Ala. 549;
1 Brick. Dig., 386, § 162.

BRICKELL, C. J.—The complaint contains two
counts. The first alleges an agreement made by the de-
fendants to sell and deliver to the plaintiff at a specified
place, "a lot of shoes, to-wit, 865 pairs, for which plain-
tiff promised to pay, which said lot of shoes defendants
failed to sell and deliver." The second count alleges
an agreement by which the defendants "promised to sell
to plaintiff a lot of merchandise, consisting of 865 pairs
of shoes, for which plaintiff promised to pay, which said
lot of merchandise defendants failed to sell." The de-
fendants demurred to the entire complaint and to each

[Manier & Co. v. Appling.]

count, assigning numerous causes. It would serve no useful purpose to notice the causes of demurrer separately. The more material are directed to the inquiry, whether either count states with sufficient certainty, the promise or agreement of the defendants alleged to have been broken. In actions of assumpsit at common law, and the present action corresponds to the action of assumpsit, the general rules of pleading require that the contract and its consideration must be fully stated.—1 Chit. Pl., (16th ed.), 277. The author says further: "All those parts of the contract, which are material for the purpose of enabling the court to form a just idea of what the contract actually was, or which are necessary for the purpose of providing the jury with a criterion in the assessment of damages, should be stated with certainty and precision."—*Ib.* 310. Applying these rules, each count of the complaint is insufficient in its description or statement of the agreement of the parties. The promise of the plaintiff to pay, was the consideration of the promise of the defendants to sell and deliver alleged in the first count, and of the promise to sell alleged in the second count. That promise is an essential part of the agreement; as essential as the agreement of the defendants—the two constitute the agreement, and the one cannot be severed from the other. The counts ought to have stated what the plaintiff promised to pay, and the time and mode of payment. Less than this is not a statement of the material facts of the agreement; will not inform the court what it really was; nor provide the jury with the necessary criterion for the assessment of damages. There was error in overruling the causes of demurrer addressed to the insufficiency of the complaint in this respect. In other respects the complaint is not demurrable.

There was no error in the exclusion of the correspondence passing between Daniels and the defendants, subsequent to the transaction Daniels had with the plaintiff. The correspondence originated from and had that transaction for its subject, but was not contemporaneous with it, and as to the plaintiff was essentially *res inter alios acta*.

The abstract purports to contain all the evidence and it is free from conflict. In such state of case, it is the duty of the court, on the request in writing of either

party, to charge the jury directly and affirmatively upon the effect of the evidence.—Code of 1886, § 2754. Each party requested such an instruction, and it was given at the instance of the plaintiff, and refused the defendants. The rulings of the court in this respect, form the matter of the remaining assignments of error.

As the case was presented in the court below, and as it has been argued here, the point of controversy is whether the evidence shows a complete agreement for the sale of the shoes, or a mere proposal by the plaintiff to purchase them, of which there was not acceptance by the defendants. It is not matter of controversy, that the writing the plaintiff delivered to Daniels to be forwarded to the defendants is, in its form and essence, a proposal addressed to the defendants for the purchase of the shoes at specified prices and on specified terms as to the payment of the prices. The rules of law, by which the case is controlled, are well settled. The mutual assent—the coming together of the minds of the parties—is of the essence of every contract or agreement. In Benjamin on Sales, section 38, it is said: "To constitute a valid contract of sale, the assent of the parties must be mutual. A mere proposal by one man, obviously constitutes no bargain of itself. It must be accepted by another, and the acceptance must be *unconditional*." The response, and the only response, the defendants made, was, an acknowledgment by postal card of the receipt of the order or proposal, accompanied by the expression, "the same shall have prompt attention;" and it is this response, it is insisted, constituted an acceptance of the proposal, converting the proposal and acceptance into a contract of sale. Unless these words, "the same shall have prompt attention," are deflected from their natural, ordinary meaning, they cannot be construed into an acceptance of the proposal of the plaintiff, converting the two into a concluded or completed contract. The operative words are *attention* and *prompt*. The latter when read in connection with the term of the proposal that the shoes should be shipped on the succeeding 15th of June, signifies, and was intended to signify, no more than that *attention* would be given in time to meet this term. If given within that time, it was speedy as the nature or necessities of the transaction required. Promise to give the proposal *attention*,

was not a promise of acceptance; it was not an assent to it. It was no more than a courteous promise to give it *consideration,* and this we do not doubt is the sense in which it is generally, if not universally, employed in transactions of this character. *Attention,* according to Webster, signifies "the act or state of attending or heeding," and further, "notice; exclusive or special consideration." And of the meanings attached to it in the Century Dictionary, are, "consideration; observant care; notice; as your letter has just arrived, and will receive early attention." In the interpretation of all writings, whether contractual or not, the relation of the parties and the subject matter must be considered.

The words and phrases of the writing must be referred to the subject matter and these relations, for they give rise to the occasion for their use or employment. The plaintiff was negotiating for the purchase of the shoes, stating the terms upon which he was willing to purchase. There was no legal duty resting upon the defendants to enter into the negotiation; they could have been silent, and silence would have been refusal to become parties to it. They could have become parties to it, and converted it into a contract, by an absolute, unconditional acceptance of the proposal of the plaintiff. But it was by such an acceptance only, the proposal could have passed the stage of negotiation; there could have been no change or variation of the terms of the proposal; such change or variation would have involved further negotiation. Considering that the parties were standing in these relations, and the subject matter of the proposal of the plaintiff; referring the words of the response of the defendants to them, it would contravene the intention of the defendants, drawing them into legal relations they did not intend to assume, if those words were rendered contractual, and not as indicating that the proposal of the plaintiff would receive consideration; that it would not pass unheeded.

It has not been insisted, and in view of the evidence could not have been, that the transaction between Daniels and the plaintiff was a sale. All that was contemplated, was an order from the plaintiff addressed to the defendants for their acceptance or rejection. The result is, the court erred in the instruction given at the instance of the plaintiff, and the refusal of instruction requested by the defendants.

[Thomas, May & Co. v. Drennen.]

For the errors pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.