(87 South. 626)

## Ex parte TIDWELL.

## PATTON v. TIDWELL.

### (2 Div. 736.)

(Supreme Court of Alabama. Jan. 27, 1921.)

**1. Fraud ⟜41—Counts held sufficient.**

In an action for deceit in the sale of an interest in a patent on a weevil machine, consisting of false representations that arrangements had been completed to place the machines on the market and to place one with each government agricultural demonstration agent in Alabama, and that one machine would be. so delivered to each of such agents, counts *held* to set out the facts constituting the fraud relied upon and to aver every necessary fact with sufficient certainty.

**2. Fraud ⟜43—Complaint held to allege misrepresentations as to existing fact.**

In an action for deceit in the sale of an interest in a patent, allegations that defendant represented that he had completed arrangements for the delivery of, and would deliver, one of the patented machines to a government agricultural demonstration agent in each county, and had completed arrangements to place such machines on the general market, were in the conjunctive and not in the alternative, and did not merely allege an undertaking to do certain things in the future but a representation that defendant had already made and completed arrangements for the delivery of the machines to such agents and for the market.

Certiorari to Court of Appeals.

Action by Zada Tidwell, against Luther Patton, in which Phelan Tidwell, as admin-

istrator of Zada Tidwell, was substituted as plaintiff. A judgment for plaintiff was reversed by the Court of Appeals, and the administrator brings certiorari. Writ awarded, and judgment of the Court of Appeals reversed and cause remanded.

The following counts of the complaint are referred to:

(1) The plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, damages for deceit in the sale by the defendant to the plaintiff of a one-hundredth interest in and to a weevil machine patent, and defendant for the purpose of making such sale to plaintiff represented to plaintiff at the time of such sale that he would deliver at least one of the machines, for which letters patent had been issued to him, to the government agricultural demonstration agent in each county in Alabama in the early spring of 1918; that he had completed arrangements to place such machines on the general market for sale the early spring of 1918; and that defendant guaranteed that a big dividend would be paid on said one-hundredth interest the year 1918; whereupon the plaintiff on account of such representation made by defendant to deceive plaintiff and believing same to be true, but which were wholly untrue and known by the defendant at the time to be untrue, plaintiff purchased said one-hundredth interest the said sale of which defendant made to plaintiff by means of such untrue representations to the damage of the plaintiff as aforesaid.

(2) The plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, damages for deceit in the sale by the defendant to the plaintiff of a one-hundredth interest in and to a weevil machine patent, and defendant for the purpose of making such sale to plaintiff represented to plaintiff at the time of such sale that he had arranged to put such machines for which said letters patent had been issued on the general market for sale during the early spring of 1918, and would deliver at least one of the machines, for which said letters patent had been issued to him, to the government agricultural demonstration agent in each county in Alabama in the early spring of 1918; that the defendant would sell and deliver such machines during the spring of 1918; and that defendant guaranteed that a big dividend would be paid plaintiff on said one-hundredth interest the year 1918; whereupon the plaintiff on account of such representations and believing same to be true, but which were wholly untrue and known by the defendant at the time to be untrue, plaintiff purchased said one-hundredth interest the said sale of which defendant made to plaintiff by means of such untrue representations, and paid defendant therefor on, to wit, February 15, 1918, $300; and plaintiff avers that upon the discovery of such misrepresentation and fraud perpetrated upon her by the defendant she offered to the defendant to rescind said sale and offered to transfer, assign, and deliver to defendant, and now offers to transfer, assign, and deliver to defendant the assignment of said one-hundredth interest in said patent or letters patent, and demanded of the defendant the return to her of the said amount of $300, which de-

fendant declined and refused to do and which said amount as herein claimed is still due and unpaid.

(4) Plaintiff claims of the defendant $300 and lawful interest thereon from February 15, 1918, as damages for deceit in the sale of an undivided one-hundredth interest in and to two letters patent which defendant represented to be recorded in the Patent Office at Washington under No. 1256036 and No. 1241012, which letters represented to plaintiff by defendant were, or represented to be, a patent on a boll weevil machine which patent or letters patent represented himself to be the sole owner of, and defendant, at the time of such sale to induce plaintiff to purchase said one-hundredth interest, represented to plaintiff that he had completed arrangements for the delivery of, and would deliver, one boll weevil machine, made to conform to said letters patent or patent, to one government agricultural demonstration agent in each, county in Alabama for samples during the early part of the spring of the year 1918, and that he had also completed arrangements to place such boll weevil machines on the general market for sale the early part of the spring of the year 1918, and that defendant would also be engaged in the sale and delivery of such boll weevil machines during the spring of the year of 1918, which defendant failed to do as agreed as aforesaid. And plaintiff avers that such representations were made by defendant to induce plaintiff to purchase said one-hundredth interest, and plaintiff, relying on such representations to be true, as she had a right to do, was thereby induced to purchase and did purchase said interest on, to wit, February 15, 1918, from defendant and paid defendant therefor $300, and plaintiff avers that said representations made as aforesaid by the defendant were untrue and false, which defendant well knew at the time.

Jerome T. Fuller, of Centerville, for appellant.

Court erred in overruling demurrers to the count and in declining to strike certain portions thereof. Sections 2468, 4298, Code 1907; 3 Stew. & P. 322; 86 Ala. 116, 5 South. 253; 119 Ala. 424, 24 South. 421; 130 La. 39, 57 South. 577; 12 R. C. L. 301; 162 Ala. 476, 50 South. 229; 180 Ala. 118, 60 South. 143; 192 Ala. 550, 68 South. 891, Ann. Cas. 1917E, 1052.

Joseph E. Robinson, of Birmingham, for appellee.

The offer to restore and rescind was sufficient, and within due time. 23 Ala. 848; 34 Ala. 143; 51 La. Ann. 699, 25 South. 421. Counts 1, 2, and 4 were sufficient. 195 Ala. 186, 70 South. 142; 180 Ala. 118, 60 South. 143; 167 Ala. 534, 52 South. 737; 188 Ala. 122, 65 South. 1015; 16 Ala. 785, 50 Am. Dec. 203.

ANDERSON, C. J. [1, 2] The Court of Appeals reversed this case upon the theory that counts 1, 2, and 4 were subject to the defendant's demurrer for failing to set out

the facts constituting the fraud relied upon by the plaintiff. In this we think that the Court of Appeals was in error. Each of said counts avers every fact necessary to the maintenance of the action with sufficient certainty. Henry v. Allen, 93 Ala. 197, 9 South. 579, and cases there cited. The plea criticized as being faulty as to the averment of facts as to fraud in the case of Stouffer v. Smith-Davis Co., 154 Ala. 301, 45 South. 621, 129 Am. St. Rep. 59, is quite different from the counts of this complaint, as can readily be observed from a comparison of same. The Court of Appeals also condemns count 4 because of the insufficient or improper alternative averment that defendant agreed to deliver one boll weevil machine made to conform to said letters patent to one government agricultural agent in each county in Alabama for samples during the early part of the spring of the year 1918. The Court of Appeals treats this as an alternative averment, when it is in the conjunctive. The gravamen of the complaint and the fraud complained of was not that the defendants merely undertook to do certain things in the future, but had already made and completed arrangements for the delivery of the machine the early part of the spring of 1918 for the market and to the said demonstration agents.

The writ of certiorari is hereby awarded. The judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded.

All Justices concur, except MILLER, J., not sitting.