(129 So. 39)

### CONSOLIDATED PRODUCTS CO. v. JASPER LAND CO.

6 Div. 643.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

J. J. Ray, of Jasper, for appellant.

Arther Fite, of Jasper, for appellee.

SAYRE, J.

Plaintiff's (appellant's) purpose was to state a cause of action against defendant for that the parties having entered into a contract for the sale by defendant to plaintiff of two expellers (parts, as we understand, of cotton oil mill machinery) did breach the contract by its refusal to deliver. The court sustained defendant's demurrer to the complaint in two counts, whereupon plaintiff suffered a nonsuit and seeks review in this court. Code, § 6431.

■ Coming at once to the point in dispute, count 1 of plaintiff's complaint alleged an agreement of sale by defendant to plaintiff of the expellers "the same to be paid for as agreed upon between the said parties; and that the plaintiff was ready, willing and able to comply with its contract or agreement at all times, but the defendant breached its contract or agreement in

this; it failed or refused to ship the said expellers to plaintiff." The judgment here, in agreement with the trial court, is that this count failed to disclose a breach by defendant. A rule of pleading requires that the complaint, when proceeding as for a breach of contract, should set out those parts of the contract material to the breach alleged. 1 Chit. Pl. 309. The presumption is that plaintiff has stated its contract as favorably to itself as its terms, express or implied, will warrant. Elmore, etc., Co. v. Parrish Bros., 170 Ala. 506, 54 So. 203. The promise of the plaintiff to pay is as essential a part of the contract as the agreement of the defendant to deliver the goods. The count states what plaintiff promised to pay, as the rule of good pleading required that it should do; but it should also have alleged the time and mode of payment in order that the court be informed as to the full and true meaning of plaintiff's allegation that he "was ready, willing and able to comply with its contract or agreement at all times." Manier v. Appling, 112 Ala. 667, 20 So. 978; Sloss-Sheffield Co. v. Payne, 192 Ala. 71, 68 So. 359. If we may illustrate the rule of the cited cases by referring to the allegations of count 2, the expellers were to be loaded upon cars at Jasper in this state, for shipment to New York, plaintiff "to arrange with local bank to pay full amount on delivery bill of lading." If plaintiff failed in fact to arrange with a local bank as indicated, its allegation that it was ready, willing, and able to comply with its contract did not suffice to put defendant in default. Or, to state the case in the language of Williston on Sales (2d Ed.) p. 1114: "Concurrent conditions are in legal effect mutual conditions precedent. Therefore, if each party fails to comply with the condition of the other's promise"—herein assuming, for the argument only, that plaintiff's promise to arrange with a local bank was to be executed concurrently with defendant's delivery of a bill of lading, an assumption, in view of the situation of the parties, rather too favorable to plaintiff—then, to resume the quotation, "neither can acquire a right upon it." This is the plain reason of the matter, and consideration of this reason leads to the conclusion that plaintiff's allegation merely that it was ready, willing, and able to comply with its contract, without more, will avail it nothing.

We have said enough to disclose our opinion, and our reasons for our opinion, that the demurrer to the complaint was properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.