140 So. 629

## DEKLE v. AMERICAN FRUIT GROWERS.
### I Div. 26.

Court of Appeals of Alabama.
March 22, 1932.

Outlaw & Seale, of Mobile, for appellant.

Inge, Stallworth & Inge, of Mobile, for appellee.

RICE, J.

This is an appeal brought by the plaintiff in the court below from a judgment adverse to him in a suit against appellee (defendant) claiming damages on account of an alleged breach of contract whereby, according to plaintiff's (appellant's) complaint, he agreed to buy from the defendant, and it agreed to sell to him, etc., a certain car of lemons.

The trial court gave the duly requested general affirmative charge for the defendant (appellee), and verdict and judgment followed, accordingly.

It seems that appellee was the owner of the car of lemons in question, and that said lemons were in the railroad yards at Mobile. The same were in charge of one Charles G. Ibach, a merchandise broker in the city of Mobile. Appellant knew this, and entered into negotiations with said Ibach, looking to the purchase by him, through Ibach, of the said car of lemons.

It appears that appellant understood, thoroughly, Ibach's authority in the premises; that the purchase must be made through him; that, before a sale could be consummated, appellee would have to accept, or give Ibach authority to accept, any offer that was submitted through him.

Briefly, appellant submitted to, or through, Ibach, an offer, for the said lemons; not getting a response as quickly as he wished, he wired appellee, a nonresident, direct, as follows: "Wire quick accepting or rejection our offer of five fifty flat on car lemons here on track. Let us have a reply direct to us today."

Promptly, appellee wired appellant: "Already wired Ibach authority accept your offer lemons Thanks."

On the above occurrences, appellant claims there was a contract to sell to him the said car of lemons.

Ibach, who as stated, and, certainly so far as appellant was concerned, had full authority—in accordance with his instructions—to sell and deliver said lemons, had, before the receipt by appellant of the wire, mentioned, from appellee, sold said lemons to another party. Hence this suit.

The trial court held, on the facts, that appellant had no case. And we agree with him.

■■ "To constitute a contract there must be a definite, unconditional, acceptance of the offer made." Manier & Co. v. Appling, 112 Ala. 663, 20 So. 978. And where the evidence is free from conflict, it is the duty of the court, on the request in writing of either party, to charge the jury directly and affirmatively on the effect of the evidence. Ib.

■ And, "when the contract [alleged] sued on was negotiated and consummated between the parties by telegraph, the several dispatches, as written instruments, must be construed by the court." Humes v. O'Bryan, 74 Ala. 64, 66; Manier & Co. v. Appling, supra.

■ It is clear that appellee did not accept appellant's offer—merely authorized its agent, Ibach, to do so. And that Ibach never did do so.

Appellant simply never obtained any contract.

There is no prejudicial error, anywhere, and the judgment is affirmed.

Affirmed.