141 So. 557

# LOVETT v. FUNDERBURK.

## 6 Div. 894.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

J. K. Brockman and Richard H. Fries, both of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, and B. J. Dryer, of Woodward, for appellee.

**FOSTER, J.**

■ This case was tried on counts 4 and 5 as amended, in deceit. They are sufficient to state a cause of action. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Byars v. Sanders, 215 Ala. 561, 112 So. 127; Ex parte Tidwell, 205 Ala. 254, 87 So. 626; section 9531, form 21, Code.

■ While they do not expressly allege that the defendant made the representation to induce plaintiff to act, and while that is an element of deceit, there is no ground of demurrer addressed to such defect. King v. Livingston Mfg. Co., 180 Ala. 118, 126, 60 So. 143.

■ There was no demurrer or motion to strike addressed to the alleged defective claim of special damages in count 4. We do not construe assignment No. 22 to be sufficient for that purpose. It does not specify the averments in the counts 4 and 5, which are alleged to be objectionable, as statements of conclusions or mental processes. If such claim is defectively stated, and defendant wishes to present such defect by demurrer, it should be specified in thus pointing it out. Section 9479, Code.

We do not think any ground of demurrer to counts 4 and 5 is well taken.

■■ The original complaint consisted of a single count for the breach of a warranty in the deed conveying the property to plaintiffs by defendant, and was filed September 6, 1928. The transaction occurred November 20, 1926. Counts 4 and 5 were filed May 10, 1929. They were in deceit, as we have shown, but they arose out of the same transaction and relate to the same subject-matter, and could have been joined in the original complaint. Code, § 9467. It is also apparent from the averments of the pleading that "they refer to the same transaction, property and title and parties as the original," and therefore they were proper matter of amendment and relate back to the commencement of the suit. Sov. Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640; Birmingham Belt R. R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219.

The pleas and replications were in short by consent, and opened the door to special defenses and special replications. This included, of course, the statute of limitations and replications to it.

■ Appellant contends that counts 4 and 5 were barred by the one-year statute. Appellees reply that the suit was begun within one year after the discovery of the fraud by plaintiffs. Section 8966, Code. What constitutes the duty of plaintiffs in this respect and what is sufficient to constitute a discovery of the fraud under the statute has been carefully stated by this court. Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22; Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am. St. Rep. 55.

The testimony for the plaintiffs was that they could not tell anything about the dimensions of the lot or its front footage on Tuscaloosa avenue when they bought it, and did not know that it was not as represented until they had it surveyed a few months before they brought the suit. There was no breach of duty shown in this respect, and no circumstance which was sufficient to provoke inquiry as to the exact dimensions of the lot before the time when they made the actual discovery. The jury could find, therefore, that the suit was not barred by limitations even as respects counts 4 and 5.

■ There was no error committed by the court in overruling objections to the contract of sale and deed. They both sustain plaintiffs' claim that the defendant misrepresented the lot to be ninety feet front on Tuscaloosa avenue, and were a material feature of the transaction.

There was no error in respect to the ruling on motion for a new trial. There was ample evidence to sustain all the essentials of the cause of action and the amount of the damages.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.