194 So. 887

**SLOSS-SHEFFIELD STEEL & IRON CO. v. WATSON.**

**6 Div. 552.**

Supreme Court of Alabama.

March 14, 1940.

Rehearing Denied April 11, 1940.

Robt. E. Smith and Robt. W. Smith, both of Birmingham, for appellee.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

BROWN, Justice.

This is an action of assumpsit for work and labor done.

The complaint consists of the common counts and special count 5 for breach of contract, which claims $1,024.91, "together with interest from to-wit: the 17th day

of September, 1936, for the breach of an oral agreement made and entered into by the plaintiff with the defendant on to-wit: the 1st day of September, 1936, wherein the defendant agreed to pay the plaintiff $5.50 per net ton for dismantling and loading a blowing engine at Gadsden, Alabama; and plaintiff avers that he fully performed his part of the said contract and dismantled and loaded the said engine, which weighed to-wit: 372,700 pounds, for which the defendant has failed or refused to pay him, to his damages aforesaid."

The point taken by demurrer on the trial, which was overruled, and now insisted upon, is that it appears from the averments of the count that the suit was prematurely brought "For that the time of payment of the sum alleged to be due is not sufficiently set out." Consolidated Products Co. v. Jasper Land Co., 221 Ala. 472, 129 So. 39; Gee v. Alabama Protection & Aid Ass'n, 212 Ala. 98, 101 So. 750, and others are cited as authorities supporting this insistence. In the cases cited the actions were for breach of an executory contract. In the first the contract was for the sale by the plaintiff to the defendant of machinery parts and the breach alleged was "defendant's refusal to deliver." In that case the time and manner of payment was of the very essence of the contract on the part of plaintiff—the consideration of the promise. Non constat he agreed to pay in advance or before shipment and delivery. Manier & Co. v. Appling, 112 Ala. 663, 20 So. 978.

In the other cited case the action was for "sick benefits under insurance policy." The first count of the complaint which followed substantially the Code form (Code 1907, p. 1196) was held good. But the second count attached the policy sued on as an exhibit, to quote from the opinion, "and a reference to paragraph 17 thereof indicates, in connection with the date of bringing the suit, that the action for recovery was prematurely brought."

Here the averments of the count show that the suit is for work and labor done; that the contract was fully performed by plaintiff before the suit was brought; and that the defendant had failed or refused to pay. In such cases, in the absence of stipulation to the contrary, the consideration is payable as a matter of law on the completion of the work and labor, and is recoverable on the common count for work and labor done. 5 C.J. 1386, §

17; Stafford v. Sibley, 106 Ala. 189, 17 So. 324; Davis v. Badders & Britt, 95 Ala. 348, 10 So. 422.

In the case last cited it was observed of such count: "It avers that plaintiffs 'have complied with all the provisions of the contract on their part, and erected said building according to said contract.' The count is substantially in the form of a complaint 'on a dependent covenant or agreement,' as prescribed by the Code. Under * * * a general averment that plaintiffs had complied with all its provisions on their part, and that defendants have failed to comply with specific provisions, is sufficient." (95 Ala. 360, 10 So. 425.)

Moreover, the controversy between the parties was the existence of the contract between plaintiff and the defendant; the plaintiff's contention being that such contract was made, while the defendant's contention was and is that the contract was made between defendant and a third party, Max Solomon Company; that plaintiff in conducting the negotiation was acting as the agent of said Solomon Company; and the evidence shows without dispute that the work was done, the machine was dismantled, loaded on the cars and shipped to the defendant and accepted by it, and that payment had not been made by the defendant. If the contract was between plaintiff and defendant, and this was a question for jury decision, the plaintiff was entitled to recover under the common count for work and labor done. Jos. Joseph & Bros. Co. v. Hoffman et al., 173 Ala. 568, 56 So. 216, 38 L.R.A.,N.S., 924, Ann.Cas.1914A, 718.

With other evidence offered to sustain its contention the defendant adduced the bills of lading for the dismantled machine parts, which the evidence shows was loaded in box cars by plaintiff at Gadsden, Alabama, and shipped over the Louisville & Nashville Railroad to defendant at Birmingham. Said bills of lading were signed, "Max Solomon Company, shipper per A. R. Watson."

The evidence further shows that when the verbal contract was made for dismantling and loading said blowing engine, plaintiff was under contract with said Max Solomon Company, to wreck and scrap the plant of the defendant at Gadsden, and ship the scraps according to Solomon Company's direction, and was then engaged in that work; that the freight rate on

scrap shipments was 40% less than on machinery parts. The plaintiff offered evidence tending to show that defendant in order to obtain shipment of said machinery parts as "scrap iron" at the lower rate instructed plaintiff to load said parts in box cars and ship in the name of Max Solomon Company; that said Solomon Company had nothing to do with the contract or work of dismantling and its parts, and paid no part of the expense incident thereto; that this was done by plaintiff on his own account, and in making the shipment he acted for defendant and according to its instructions.

While Charges II, A, 3, and C, could have been properly refused, the first mentioned as abstract, and the others as argumentative and singling out particular facts, nevertheless when these charges are considered along with the oral charge of the court, which clearly and concisely states the issue, and special written charges given for the defendant, we are not of opinion that the giving of plaintiff's said charges, or either of them, constitutes error for which the judgment should be reversed.

There was evidence which, if believed, supports the verdict. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

The record being free from reversible errors, the judgment of the Circuit Court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.