1 So.2d 379

### GULF STATES CREOSOTING CO. v. JONES.

6 Div. 816.

Supreme Court of Alabama.

March 20, 1941.

A. J. Bowron, Jr., and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

John A. Darden, of Goodwater, for appellee.

BROWN, Justice.

■ Special assumpsit by the appellee against appellant for breach of a dependent covenant or agreement wherein the plaintiff agreed to manufacture and deliver to the defendant cross-ties at Hollins, Alabama, of certain specifications and at an agreed price. Counts H, X and Y of the complaint on which the case was submitted to the jury substantially follow Form 9, prescribed by § 9531 of the Code 1923, for complaints "on a dependent covenant or agreement," and they were not subject to the stated grounds of demurrer, which were overruled without error. Davis v. Badders & Britt, 95 Ala. 348, 10 So. 422.

Construing the averments most strongly against the pleader, yet taking as true the facts well pleaded, the contract declared on was an executed contract on the part of the plaintiff and executory on the part of the defendant, who breached the contract by refusing to receive the cross-ties and pay for the same. Sloss-Sheffield Steel & Iron Co. v. Watson, 239 Ala. 416, 194 So. 887.

■ The plaintiff's evidence tended to show that plaintiff cut and manufactured gum ties sufficient to constitute a car load—minimum weight—24,000 pounds, conforming to the specifications and conditions set out in the contract; had a car placed and men ready for loading the ties, and that the defendant through its authorized agent rejected the ties for the reason there was not a minimum load.

The defendant's evidence, on the other hand, tended to show that some of the ties did not come up to the required specifications in the contract, and that there was not sufficient number to constitute a minimum car load, and for said reasons the defendant refused to receive them.

The court, therefore, did not err in giving special written charge the predicate for the fifth assignment of error.

■ Special charge, the predicate for assignment of error six, does not correctly state the rule for the admeasurement of the damages under the facts in this case. Patterson & Edey Lumber Co. v. Daniels, 205 Ala. 520, 88 So. 657.

■ The court did not err in overruling the defendant's objection to the testimony going to show the character, number and weight of the crossties remaining in the stacks at Hollins two years after the defendant rejected them. While the evidence may have been of little weight standing alone, it was not irrelevant to the issues and its weight was for the jury, considered along with all other evidence in the case.

After full consideration of the evidence, after allowing all reasonable presumption of the correctness of the verdict we can not affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738. In fact, there was evidence which, if believed, justified the verdict. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.