19 So.2d 554

RAYBURN v. CROCKER.

2 Div. 731.

Court of Appeals of Alabama.

Oct. 31, 1944.

Arthur W. Stewart, of Marion, and Pitts & Pitts, of Selma, for appellant.

T. H. Boggs, of Linden, for appellee.

RICE, Judge.

The pleadings in this case were very simple. It was a suit in detinue by the appellee against the appellant seeking the recovery of the possession of one "red rhone (roan) heifer cow about one and one half years old and weighing about 350 pounds."

It was begun in a Court of a Justice of the Peace, where judgment was rendered in favor of appellee.

Appeal being taken to the Circuit Court, it was tried before a jury. Verdict and judgment were again rendered in favor of appellee.

Motion for a new trial being made, overruled, and exception reserved, this appeal followed.

It was tried in both courts, below, on a single count in the complaint, as suggested, and the plea of non detinet—which is the "general issue."

In this situation, of course, the right of plaintiff (appellee) to recover was put in issue; and evidence negativing the right of possession of plaintiff or of defendant (appellant) was competent. Knight v. Garden, 196 Ala. 516, 71 So. 715; Berlin Machine Works v. Alabama City Furniture Co., 112 Ala. 488, 20 So. 418.

The sole assignment of error on the record is that the trial court erred in overruling appellant's motion for a new trial—as appellant's counsel phrase it: "The trial court erred in refusing to set aside the verdict of the jury rendered in this case and grant unto the appellant a new trial."

544

Commendably—for our convenience— their brief states: "Counsel for appellant have decided not to assign as error the omission (admission) or rejection of evidence objected to and to which exceptions were taken; because, after a full reading of the record, counsel for the appellant are of the opinion that, while there were several errors committed, yet, as the evidence was subsequently admitted without objection, the errors were errors without injury."

So we consider the action of the court in overruling appellant's motion to set aside the verdict of the jury and grant her a new trial.

The motion contained an even dozen grounds; and there may be one that covers counsel's argument here that there was a variance between the allegata and probata in that, whereas the "red roan heifer" sued for was one "weighing 350 pounds", the one described in appellee's testimony on the trial was "one weighing 450 pounds."

■■ But obviously the argument is without pith. Even if there were a variance shown appellant's remedy was by a compliance with rule 34 of "Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction," Code of 1940, Tit. 7 Appendix, p. 1035, and not by a motion for a new trial. As the then Presiding Judge Walker said for this Court in his opinion in the case of McWhorter et al. v. Haigler Mercantile Co., 4 Ala.App. 296, 58 So. 790: "A party is not entitled to another trial to enable him to present a question which he had full opportunity to present in the trial already had, especially when no excuse is shown for his failure to raise the question at the proper time."

■■ As for the argument—irrelevant we believe to the motion on file—that said motion should have been granted because of improper conduct on the part of the jurors trying the case in discussing among themselves during their deliberations some rumored, supposed or proposed action of the Grand Jury of the County, then in session, with reference to appellant's possession—or getting possession—of the property in suit, it is only necessary to remark that testimony as to the jurors doing such —if they did—was "on the grounds of public policy" not admissible. Even if it was admitted it should not have been considered by the court. Mullins v. State, 24 Ala.

App. 78, 130 So. 527, certiorari denied 222 Ala. 9, 130 So. 530.

We arrive then at the popular, earnest, eager and assiduous counsel's main contention: That the verdict of the jury was against the weight of the evidence.

No more forceful and appealing argument—both oral and written—is often submitted here than the one made by counsel for the appellant in this case.

But our duty is prescribed, and it is plain.

■■ As was said in the case of Cobb v. Malone & Collins, 92 Ala. 630–633, 9 So. 738, 739: "The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occur. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Hil. New Trials, 339."

■ It is also the law, recognized by all appellate courts, that when the Presiding Judge refuses (as here) to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened.

■ It is stated in the opinion in Cobb v. Malone & Collins, supra: "When there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence."

■ To conclude, we find ourselves able to borrow and adopt, as in all things ex-

pressing our action and our views, the language used by Mr. Justice Stakely for our Supreme Court a few months ago in considering a question similar to that before us, viz: "We have considered the evidence with painstaking care and have concluded that there was evidence which, if believed, authorized the verdict which was rendered. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Under all the circumstances, we do not feel authorized to reverse the judgment of the trial court in refusing a new trial." Bell v. Nichols et al., 245 Ala. 274, 16 So.2d 799, 800, citing Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; and Gulf States Creosoting Co. v. Jones, 241 Ala. 9, 1 So.2d 379, 381.

The judgment is affirmed.

Affirmed.