31 So.2d 645

MARLOWE v. McMICHAEL.

4 Div. 439.

Supreme Court of Alabama.

July 31, 1947.

W. Perry Calhoun and L. A. Farmer, of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellee.

LIVINGSTON, Justice.

The appeal is from a judgment for the plaintiff in the sum of $1,490.72.

The complaint consists of three counts: count 1 being for the breach of a written agreement between the parties; count 2 for work and labor done by the plaintiff for the defendant, at defendant's request; and count 3 for expenses incurred by the plaintiff between October 9, 1943 and March 1, 1944, in connection with defendant's business, and which plaintiff alleges defendant agreed to pay.

Only two questions are presented for review: one, the overruling of defendant's demurrer to count 3 of the complaint; and, the other, the rejection of certain testimony proffered by the defendant.

The alleged agreement between the parties is in the form of three letters, as follows:

"September 20, 1943.
"Mr. E. H. McMichael
"Columbus, Georgia

"Dear Sir:

"My associates, including myself, as you know, are contemplating either purchasing a taxi cab line now operating in Columbus or to obtain permission from the O. D. T. to establish a taxi cab system in this city and they have authorized me to advise you that they will employ you as manager thereof or in some other executive capacity and to pay you for such services four hundred dollars per month for the remainder of this year and for the first six months of 1944 the sum of four hundred fifty dollars per month. At the expiration of this time they will consider, depending upon the successful oper-

ation of said business, an increase in your salary and the possible sale to you of an interest in the organization.

"Very truly yours,

"(Typed)    Jos. O. McGehee

"JOM/e

"Sept. 20, 1943.

"The above is satisfactory to me and I confirm the agreement above in its entirety.

"Yours very truly,

"/s/    W. H. Marlowe."

"Buena Vista, Ga.

"October 9th, 1943.

"In reply refer to:

"Mr. J. O. McGehee,

"Flowers Building,

"Columbus, Ga.,

"Dear Sir:

"I have your letter of the 20th of September.

"I accept your proposition as outlined in the above letter.

"Yours very truly,

"/s/   E. H. McMichael

"E. H. McMichael

"Based on your letter of the 20th I have resigned my position with the OPA.

"/s/   E. H. M."

"Buena Vista, Ga.

"October 9th, 1943.

"Mr. W. H. Marlowe,

"Phoenix City, Alabama.

"Dear Sir:

"I have this day informed Mr. J. O. McGehee of Columbus Ga. acceptance of the contract offered me under date of September 20th.

"Since you are an associate of Mr. McGehee and confirmed the contract in writing under date of September 20th, 1943, I am also informing you of my acceptance and based on this contract and the belief that we can make a nice proposition of this taxi business I have resigned my employment with the OPA as I also advised Mr. McGehee.

"Yours very truly,

"/s/   E. H. McMichael

"E. H. McMichael."

McGehee having died, this suit is prosecuted against Marlowe alone.

The evidence is without dispute that no taxicab line or business was ever purchased, nor was permission ever obtained from the office of Defense Transportation to establish a taxicab line, and none was ever established. Plaintiff testified that the agreed salary for the months of October and November, 1943, was paid in full; that the sum of $150 was paid on the salary due for the months of December 1943 and January and February, 1944; and that he was at all times ready, able and willing to perform his part of the contract.

The jury returned a verdict for the plaintiff under count 2 of the complaint for the balance of the salary claimed for December 1943 and January and February, 1944, together with the interest thereon from March, 1944, to the date of the trial. This verdict was for $1,345.45. The jury returned a verdict for the plaintiff under count 3 of the complaint for $125.84, together with the interest thereon from March 1, 1944 to the date of the trial. This verdict was for $145.27. Judgment was rendered on both verdicts for the total sum of $1,490.72.

Count 3 alleges: "The plaintiff claims of the defendant the sum of one hundred twenty-five and 84/100 dollars ($125.84) in addition to the sums claimed in counts 1 and 2 above, which sum is due to the plaintiff by the defendant for expenses incurred by plaintiff between October 9, 1943, and March 1, 1944, in connection with defendant's business and which expenses the defendant agreed to pay, which said sum with the interest thereon is still unpaid."

Defendant's demurrer takes the point that the due date of the amount claimed in count 3 is not alleged with sufficient certainty.

■■ Count 3 is analogous to the common count for work and labor done. In such cases, in the absence of stipulation to the contrary, the amount due is payable as a matter of law when the expenses are incurred. Sloss-Sheffield Steel & Iron Co. v. Watson, 239 Ala. 416, 194 So. 887. It is alleged that the expenses were incurred between October 9, 1943 and March 1, 1944.

500

In any event they were due and payable on March 1, 1944, and when no other specific due date is alleged it is presumed that they were due and payable as of the date of the last item, or the last day of the month indicated. Interest, when collectible, is computed accordingly. Patterson v. Camp, 209 Ala. 514, 96 So. 605. The demurrer to count three was therefore properly overruled.

■ Appellant's counsel sought to show, by cross-examination of appellee and the direct examination of appellant, Marlowe, that appellee agreed to obtain certain necessary certificates from the office of Defense Transportation for the operation of the taxicab line. The trial court refused to permit him to do so.

The purpose of this parol evidence was stated by appellant's counsel as follows: "The only thing I am trying to do, your honor, is to draw out from him (appellee) just what the agreement was with Mr. Marlowe." We interpret the foregoing as a statement of counsel that he offered the proof to show additional duties to those set out in the written contract. The written contract imposed no duty whatever on appellee to secure from the office of Defense Transportation certificates upon which to operate a taxicab line. Parol evidence is not admissible to vary the terms of a written agreement. The trial court did not err in excluding the proof offered.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.