76 So.2d 509

H. F. WILSON et al.

v.

B. Clifton DUDLEY.

5 Div. 449.

Court of Appeals of Alabama.

Dec. 14, 1954.

J. A. Walker, Jacob Walker, Jr., Walker & Walker, Opelika, for appellants.

Glenn & Glenn, Opelika, for appellee.

CARR, Presiding Judge.

In the court below the plaintiff recovered a judgment against the defendants in an action for deceit.

The request for the general charge was refused to the defendants.

■ There was a general verdict which did not refer to any particular count in the complaint. In this state of the record the verdict will be referred to a good count which is supported by the proof. Jones v. Belue, 241 Ala. 22, 200 So. 886; Morgan v. Embry, 17 Ala.App. 276, 85 So. 580; Lang v. Leith, 16 Ala.App. 295, 77 So. 445; Brush v. Rountree, 249 Ala. 567, 32 So.2d 246; White v. Jackson, 36 Ala.App. 643, 62 So.2d 477.

Count 1 of the complaint is:

"The Plaintiff B. Clifton Dudley claims of the defendants H. F. Wilson an individual and Wilson Realty Company, a corporation, Twelve hundred dollars ($1,200.00) as damages due from said defendants to said plaintiff, for that, heretofore, on towit, 15th day of July 1953, the said W. H. Wilson as agent of Wilson Realty Company a corporation, aforesaid, acting within the line and scope of his authority, wrongfully collected from said plaintiff with intent to deceive and defraud him, the sum of towit $1,000.00 and executed to the said plaintiff, the following writing, signed Wilson Realty Company By H. F. Wilson, President and reading as follows, towit: 'Received from Mr. B. C. Dudley the sum of one thousand dollars ($1,000.00) as a binder on the Pratt Building on South Ninth Street in Opelika, Alabama, as shown on offer and acceptance, dated this date (July 15, 1953). It is understood and agreed that purchaser (B. C. Dudley) has 90 days from date to pay the balance $12,000.00 and at that time, warranty deed will be given him for the property. The above $1,000.00 deposit binder is to apply on the purchase price of the property, if purchaser is ready to pay balance on or before October 15, 1953. Otherwise the deposit binder will be forfeited for not carrying out the contract to purchase.'

"Plaintiff avers that on the date of said writing, towit, July 15, 1953, neither of said

defendants had any lawful, valid authority and have never at any time before such date or since such date had any such authority to make sale of said property for such price or to deliver to the plaintiff as purchaser for such price as so stated in said writing; that at the time plaintiff paid defendants the said sum of one thousand dollars ($1,000.00) in order to induce said plaintiff to pay such sum, the said H. F. Wilson while acting within the line and scope of his authority as agent of said Wilson Realty Company, did, by said writing and also by words and actions, falsely and fraudulently and with intent to deceive and defraud the said plaintiff, represent to him that he while so acting as such agent had lawful authority to make sale, procure and deliver deed to plaintiff to said property for the consideration stated in writing, well knowing at such time that such representations were false and untrue and made with intent to deceive and defraud this plaintiff. That this Plaintiff, having at such time no knowledge of the falsity of such representations, relied upon the same to his injury and damage and was thereby induced to pay to said defendants the said sum of $1,000.00, all to his damage as aforesaid."

Appellants' counsel urges in brief that this count was subject to the following grounds of demurrers:

"15. The written receipt quoted verbatim in the complaint as amended refers to another written document, towit, 'as shown on offer and acceptance, dated this date (July 15, 1953),' and said other written document is not made a part of the complaint or its substance therein set out."

"20. The count refers to a written contract and does not make the same or the substance of the same a part thereof."

■ It should be noted at the outset that this is not an action to enforce a contract, nor is it an action for a breach of a contract. Of course, deceit cannot exist without a breach of a legal or equitable duty; but an action for deceit is not equivalent to a suit for the breach of a contract. The two remedies are entirely different and do not require the same approach in the matter of pleading.

■ In a deceit action, based on contractual relations, it is not necessary to set out the contract in the complaint. It may became material as a matter of proof.

In 37 C.J.S., Fraud, § 88, p. 387, we find:

"Where the cause of action is that plaintiff was fraudulently induced to enter into a contract to his damage, the contract, not being the gist of the action, need not be precisely set out. Indeed, it is not necessary to set forth the contract at all, except in so far as it is necessary to describe the wrong set out in the declaration, and to render the statement of the case intelligible."

See, also, Sawyer v. Walker, 204 Mo. 133, 102 S.W. 544; Dye v. Wall, 6 Ga. 584; Genin v. Schwenk, 61 Hun 627, 16 N.Y.S. 432.

In Patton v. Tidwell, 205 Ala. 254, 87 So. 626, the counts of the complaint are set out in the report of the case. The Supreme Court held that these counts were not subject to the demurrers which raised the question that the counts did not allege the facts constituting the fraud relied upon.

■ We think this authority sets a pattern relating to the sufficiency of a complaint for fraud or deceit and supports our view that the indicated demurrers in the case at bar are without merit.

See, also, Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Southern Building & Loan Assn. v. Hughs, 222 Ala. 648, 133 So. 685; Broadus v. Lindsey, 17 Ala.App. 342, 84 So. 776.

The authorities which appellants cite are not applicable to the question of instant concern, because they are based on actions for breach of contract.

The other questions pressed in appellants' brief are: The court erred in refusing the general affirmative charge requested by the defendants, and the verdict was contrary to the great weight of the evidence.

Count 1 of the complaint which is set out herein above contains a recitation of the facts which in the main formed the basis for the cause of action.

In many aspects the evidence is not in dispute.

The appellee's proof tended to establish that at the time the agreement in question was entered into appellants had authority to sell only an undivided half interest in the property of concern. The title was in Paul Pratt and his sister. At the time the binder was paid, the appellants did not disclose this lack of authority, and the appellee had no knowledge of it.

It appears that the sister had not given the authorization to the appellants and she refused to do so after the binder was paid.

Appellee testified that when he learned that the sister owned a half interest and that the appellants only had authority to make sale of the other half interest, he demanded of the appellants a refund of his binder payment and this was refused.

We are clear to the conclusion that the dispute in the factual issues presented a jury question. McMillan v. Aiken, 205 Ala. 35, 88 So. 135, and cases cited therein.

We think we would be entirely out of line with the authorities to hold that the court erred in overruling the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Rayburn v. Crocker, 31 Ala.App. 542, 19 So.2d 554.

The judgment below is ordered affirmed.

Affirmed.